[No. 13447. In Bank. — September 10, 1890.]

HUGH WILSON ET AL., RESPONDENTS, v. JAMES MORTON ET AL., APPELLANTS.

STATUTE OF FRAUDS — CONTRACT FOR SERVICES UPON COMMISSION — EXAMINATION OF LANDS. — A contract, by which the defendants agreed to pay plaintiffs a certain sum per acre for all the land which plaintiffs should examine and advise defendants to purchase, and which should be afterwards purchased by the defendants, is not such a contract as is required by the statute of frauds to be in writing.

ACTION FOR SERVICES — EVIDENCE — EMPLOYMENT OF OTHERS FOR SAME SERVICE. — Evidence offered by the defendants, in an action on such contract, to show that they had employed and paid other parties to assist them in selecting a portion of the lands described in the complaint, is properly excluded, as uncertain and immaterial. (PATERSON, J., dissenting.)

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*N. O. Bradley, Stephen M. White, G. E. Lawrence,* and *T. M. McNamara,* for Appellants.

*Oregon Sanders,* and *W. A. Gray,* for Respondents.

The COURT. — Plaintiffs alleged that defendants agreed to pay them fifty cents an acre for all lands in the county of Kern which they should examine and advise defendants to purchase, and which should be afterwards purchased by defendants; that in pursuance of the agreement they examined 14,020 acres of land, and advised defendants to purchase the same; that all of said lands were purchased and were afterwards sold by defendants, whereby defendants became indebted to plaintiffs in the sum of $7,010. The jury returned a verdict in favor of plaintiffs for $3,520. Judgment was entered for that amount. A motion for new trial was denied, and defendants appealed. The contract was not one required by the statute of frauds to be in writing. Section 1624 of the Civil Code does not apply. Plaintiffs

are not claiming commissions as defendants' agents or brokers, for the sale or purchase of real estate. The compensation claimed by them is for services rendered in pointing out property purchased by the latter, and for advice given them. We think the evidence is sufficient to sustain the verdict. While it is not clear to us how the jury, under the evidence, took eleven sections as the basis of the verdict, we should not disturb the verdict on the ground that there is no evidence to support it.

We see no error in the ruling of the court excluding the evidence offered by defendants to show that they had employed and paid other parties to assist them in selecting a portion of the lands described in the complaint. If the evidence was not wholly incompetent, it was so uncertain and immaterial that it could not have aided the jury in determining the issues between the parties.

Judgment and order affirmed.

PATERSON, J., dissenting.—The defendants, in their answers and in their testimony, flatly denied that they had ever employed plaintiffs, or either of them, to examine any lands, or advise them in relation thereto. In corroboration of their own testimony they offered to show that they had employed and paid other parties to assist them in selecting the lands described in the complaint. The questions propounded to the witnesses Oaks and Root for this purpose were objected to and ruled out. I think the questions were proper, and should have been allowed. The fact that defendants were advised by other parties, if shown to be true, would not of course be a defense to plaintiffs' claim if the contract was made and the services were performed as alleged by them; but it was a circumstance which the defendants were entitled to have before the jury in determining the issues. If the defendants could have proved to the entire satisfaction of the jury that they had been fully advised by Root

and Oaks as to the character of the lands prior to the time of the alleged contract with plaintiffs, and had paid them fifty per cent of what the land was worth for this assistance, it would be for the jury to say, in determining the conflict of evidence, whether they had also agreed to pay plaintiff fifty cents per acre for their services; and if the sum of the two compensations amounted to the entire value of the land, the fact that defendants had paid Root and Oaks would have been an important fact in determining whether they had also engaged the services of plaintiffs. The deductions to be drawn from ordinary business transactions, free from taint of fraud or collusion, are often of great aid in such cases. (*Sedgwick* v. *Sedgwick*, 56 Cal. 214.) The fact that defendants did not specify in the questions asked just how many acres the witnesses had pointed out in no way affects the question of the admissibility of the evidence. Counsel cannot be expected to sum up the whole case in one question. Subsequent questions would have developed the fact as to quantity, and how much, if anything, was actually paid to Root and Oaks.

THORNTON, J., concurring. — I find no error in the record, and concur in the judgment.