[No. 19075. In Bank.—October 10, 1893.]

## W. I. SHANKLIN, APPELLANT, v. J. H. HALL, RESPONDENT.

NEW TRIAL—"DECISION AGAINST LAW"—ERRONEOUS CONCLUSIONS OF LAW—APPEAL.—An error of the trial court in rendering conclusions of law which are not supported by the findings is an error which should be reviewed by a direct appeal from the judgment and is not a "decision against law" for which a new trial should be granted.

ID.—ERROR OF LAW OCCURRING AT TRIAL—REVIEW OF ORDER GRANTING NEW TRIAL.—If an order granting a new trial upon the ground that the "decision is against law" can be justified upon the ground of error in law occurring during the progress of the trial the order should be affirmed.

ID.—GROUNDS ASSIGNED FOR CORRECT ORDERS NOT MATERIAL.—The moving party cannot be deprived of his right to a new trial merely because the grounds upon which the order granting it was made are not sound, if he is entitled to it on other grounds appearing in the record upon appeal from such order.

ID.—BROKER'S COMMISSION—STATUTE OF FRAUDS—PAROL EVIDENCE—ERROR OF LAW.—A contract whereby it is agreed that one of the parties shall use his knowledge and influence on behalf of and render his services to the other party to enable the latter to sell or exchange lands, for which the former is to be paid an agreed sum of money as soon as the sale or exchange is effected, is "an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission" within the meaning of section 1624 of the Civil Code, requiring all such contracts to be in writing in order to be valid, and the admission in evidence of such oral contract, against proper objection thereto, in an action to recover for the services, is an error of law justifying an order granting a new trial, though granted upon other grounds not tenable.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion of the court.

*Henry Bleecker* and *Ray Billingsley*, for Appellant.

The agreement is not one within the statute of frauds. (*Wilson* v. *Morton*, 85 Cal. 599.) If a written contract was necessary, it does not matter when the contract is reduced to writing. (Browne on Statute of Frauds, 4th ed., sec. 352 a.) The letters of the defendant were sufficient memoranda in writing, as it was only necessary to show the fact of employment. (*Toomy* v. *Dunphy*, 86 Cal. 641.)

*Victor Montgomery,* for Respondent.

A motion for a new trial is addressed to the sound discretion of the court below, and an order granting it will not be disturbed unless it appears that said court has abused its discretion. (*Bronner* v. *Wetzlar,* 55 Cal. 419; *Savage* v. *Sweeney,* 63 Cal. 340.) While it is true that the court in granting the motion stated that it was on the ground that the decision was against law, it is nevertheless true that such a statement of the court does not limit this court in its investigation to the ground or reason assigned by the trial court for granting a new trial. (*Kauffman* v. *Maier,* 94 Cal. 269.) The agreement was not sufficient under the statute of frauds, as it was oral and not in writing. (Civil Code, sec. 1624; *McCarthy* v. *Loupe,* 62 Cal. 299; *Myres* v. *Surryhne,* 67 Cal. 657; *Pacific L. & T. Co.* v. *Blochman,* 11 Pac. C. L. J. 24; *Schuller* v. *Farquarson,* 5 West Coast Rep. 583; *Zeimer* v. *Antisell,* 75 Cal. 509; *McPhail* v. *Buell,* 87 Cal. 115.) The contention that letters written by defendant to plaintiff contain sufficient memoranda to satisfy the statute is without merit, as the letters were written by defendant after plaintiff's employment had ended. (See *Swain* v. *Burnette,* 89 Cal. 571.)

Garoutte, J.—This is an action to recover for services rendered in the exchange of certain real estate. Judgment went for plaintiff, a motion for a new trial was made and granted, and this appeal is prosecuted from the order granting a new trial. The case was tried by the court, and the new trial was granted upon the ground that " the decision was against law." The court made the following findings of fact: " That on the seventeenth day of April, 1890, the plaintiff and defendant entered into an oral agreement, whereby it was agreed between them that plaintiff should use his knowledge and influence on behalf of, and render his services to, defendant to enable him to sell or exchange the lands mentioned in the amended complaint herein, for which plaintiff was to be paid by the defendant the sum of

four hundred and fifty dollars as soon as the sale or exchange was effected through his, the plaintiff's, knowledge, influence, or services rendered to him, the defendant." The court further found that the plaintiff rendered his services as agreed, and that a transfer of the land was made by virtue of such services of plaintiff.

The findings are directly in line with the allegations of the complaint, and the court concluded therefrom that plaintiff was entitled to recover. We think the conclusion of law arrived at by the court erroneous, and that an appeal from the judgment would have resulted in its reversal for that reason. But a motion for a new trial was granted, upon the ground that the decision was against law. It may be conceded from the authorities' in this state that "the decision is not against law," when the conclusions of law are not supported by the findings, and that such an error of the court should be reviewed by a direct appeal from the judgment; yet if the order granting the new trial can be justified upon the grounds of error in law occurring during the progress of the trial, it should be affirmed. (*Kauffman* v. *Maier*, 94 Cal. 269.) If such were not the rule the moving party would be deprived of his rights to a new trial merely because the grounds upon which the order was made were not sound. Such an injustice is not tolerated by the courts.

2. Upon the trial the defendant objected to oral evidence of the express contract alleged in the complaint, on the ground that the sixth division of section 1624 of the Civil Code requires such contract, or some note or memorandum thereof, to be in writing and subscribed by the party to be charged, or by his agent; and, therefore, that oral testimony was incompetent. The court overruled the objection, and admitted testimony of an oral contract, to which defendant excepted. This matter was material, and as the decision of it, if erroneous, was prejudicial to the appellant, he is entitled to have the question considered, and the decision of it reviewed

on this appeal; although the trial court expressly based the order granting the new trial on the distinctly different ground that "the decision was against law."

Among the contracts declared invalid if not in writing, etc., by section 1624 of the Civil Code is: "6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." The contract set out in the complaint is embraced in the findings of the court which we have quoted, and it appears to possess all the elements essential to bring it within the purview of the statute. It is not necessary, in the sense of the statute, that he should have been authorized to execute a conveyance of defendant's real property. "The duty assumed by a broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made." (*Zeimer* v. *Antisell*, 75 Cal. 509; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 382; 38 Am. Rep. 441.) And this is what plaintiff was employed to do, and precisely what he avers he did in performance of the agreement on his part. As additional authority for the application of the statute to this case, see *McCarthy* v. *Loupe*, 62 Cal. 299; *Myres* v. *Surryhne*, 67 Cal. 657. The case of *Wilson* v. *Morton*, 85 Cal. 598, is not in point. In that case the plaintiff was not employed to purchase or sell, or to assist in the purchase or sale of real estate. An objection to the evidence should have been sustained, and the ruling of the court in this regard was an error of law which may be reviewed upon this appeal.

Counsel for appellant contend that certain letters written by defendant to plaintiff long after the alleged performance of the contract by plaintiff contain memoranda sufficient to satisfy the statute. But those letters do not state the agreement alleged in the complaint, nor refer to any of the terms thereof. The complaint contains a count upon an implied contract to pay the reasonable value of the same services alleged in the special count; but this count seems to have been abandoned.

Nothing is claimed under it here, and the judgment is evidently based upon the special count.

Let the order granting the new trial be affirmed.

HARRISON, J., MCFARLAND, J., DE HAVEN, J., and FITZGERALD, J., concurred.