[No. 19585. 'Department Two.—March 19, 1896.]

## SAN PEDRO LUMBER CO. ET AL., RESPONDENTS, *v.* MERICK REYNOLDS ET AL., APPELLANTS.

PRINCIPAL AND AGENT—LIABILITY OF AGENT—ENFORCEMENT OF PLEDGE —ACTION FOR ACCOUNTING—SUFFICIENCY OF PLEADING.—A complaint in an action by a corporation against one who had acted as its agent, which shows that he had had entire control of its business at Los Angeles, and that by various acts of misconduct, specially described, he caused losses to the corporation and became liable to it in large sums of money, the true amount of which cannot be ascertained and determined without an accounting by the agent of the administration of his trust, and that he had transferred to the corporation certain property as security for any amount which might be found due and owing from him to the corporation, states a sufficient cause of action for the enforcement and foreclosure of the lien of the pledge and for an accounting in equity, as necessary to the determination of the amount for which the lien may be enforced.

ID.—AVERMENT OF ACTS OF MISCONDUCT—DEMURRER—MISJOINDER OF CAUSES OF ACTION—UNCERTAINTY.—The action being for an accounting of his trust by an agent, touching matters peculiarly within his knowledge, the averments of numerous acts of misconduct by the agent, each causing loss to the principal, do not state separate causes of action, and the complaint is not demurrable for misjoinder of causes of action, nor for uncertainty in not stating more particularly how each item of alleged liability of the agent arose or when it was created or its precise amount; nor is the character of the complaint, as one for an accounting, changed by the averment that before the commencement of the action an investigation had shown that the corporation plaintiff had suffered a loss of upward of a specified sum.

ID.—INSUFFICIENT TENDER.—A tender of a sum less than the amount found due is not available as a defense.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. CLARK, Judge.

The facts are stated in the opinion of the court.

*M. L. Graff*, *George R. B. Hayes*, and *H. W. Latham*, for Appellants.

The complaint does not state facts sufficient to constitute a cause of action. (*Jerome* v. *Stebbins*, 14 Cal. 457; *Moore* v. *Besse*, 30 Cal. 570; Code Civ. Proc., secs. 427, 1848; *White* v. *Cox*, 46 Cal. 169; *Cosgrove* v. *Fisk*, 90 Cal. 75; Civ. Code, secs. 1989, 2349; Wharton on Agency, secs. 272, 277; *Scott* v. *Depeyster*, 1 Edw. Ch. 513.) There is a misjoinder of causes of action. (*Nevada County etc. Co.* v. *Kidd*, 43 Cal. 180; Stephen on Pleadings, 267.) The complaint is ambiguous, unintelligible, and uncertain. (*Mallory* v. *Thomas*, 98 Cal. 645; *Lamb* v. *Harbaugh*, 105 Cal. 680; *Triscony* v. *Orr*, 49 Cal. 617; *Going* v. *Dinwiddie*, 86 Cal. 638, 639; *Cosgrove* v. *Fisk*, *supra; Buell* v. *Dodge*, 79 Cal. 208; *Buell* v. *Cory*, 50 Cal. 639; *Sharp* v. *Miller*, 54 Cal. 329; *Payne* v. *Elliot*, 51 Cal. 339; *Huston* v. *Turnpike etc. Co.*, 45 Cal. 550; *Marsters* v. *Lash*, 61 Cal. 622.) The findings do not support the judgment. (*Silvey* v. *Neary*, 59 Cal. 97; *Walker* v. *Brem*, 67 Cal. 601; *Reinhart* v. *Lugo*, 75 Cal. 639; *Ortega* v. *Cordero*, 88 Cal. 226; *Traverso* v. *Tate*, 82 Cal. 170; *Gould* v. *Stafford*, 77 Cal. 66; *Triscony* v. *Orr*, *supra; Going* v. *Dinwiddie*, *supra;* Civ. Code, secs. 1989, 2349; Code Civ. Proc., sec. 1848; *Mulford* v. *Estudillo*, 32 Cal. 131.) To entitle a plaintiff to an accounting he must allege facts showing that a liability exists, the amount of which would be shown if the accounting were had. (Story's Equity Pleading, secs. 241, 243, 247, 248, 257, 259, 313.) And that a necessity exists for such accounting. (Story's Equity Pleading, secs. 255, 256; 1 Encyclopedia of Practice and Pleading, 93; *Bradford etc. R. R. Co.* v. *New York etc. R. R. Co.*, 123 N. Y. 316; *La Fayette Co.* v. *Neely*, 21 Fed Rep. 738; *Ryves* v. *Ryves*, 3 Ves. 343; *Stearns* v. *Page*, 7 How. 819; *Rice* v. *Merri-*

*mack Hosiery Co.*, 56 N. H. 114; Civ. Code, sec. 1989; *East India Co.* v. *Henchman*, 1 Ves. 287; Code Civ. Proc., sec. 426.)

*Stephen M. White*, and *R. H. F. Variel*, for Respondents.

There is but one cause of action, and that is properly an action of foreclosure, with an accounting as incidental thereto. (Jones on Pledges, 641; *Conyngham's Appeal*, 57 Pa. St. 474; *Durant* v. *Einstein*, 5 Rob. (N. Y.) 423; *Sonoma Valley Bank* v. *Hill*, 59 Cal. 110; *Taylor* v. *Tompkins*, 2 Heisk. 89; 1 Story's Equity Jurisprudence, sec. 262; Mechem on Agency, sec. 1534; *Thornton* v. *Thornton*, 31 Gratt. 216; Pomeroy's Equity Jurisprudence, secs. 1420, 1421; *Sitgreaves* v. *Farmers' etc. Bank*, 49 Pa. St. 359; *Boynton* v. *Payrow*, 67 Me. 587; *Reesides* v. *Reesides*, 49 Pa. St. 322; 88 Am. Dec. 503; 1 Lawson's Rights, Remedies, and Practice, sec. 89; *Zetelle* v. *Myers*, 19 Gratt. 68; *Marvin* v. *Brooks*, 94 N. Y. 80, 81; *Webb* v. *Fuller*, 77 Me. 568; Code Civ. Proc., secs. 454, 639; *Jewell* v. *McKay*, 82 Cal. 151; *Wise* v. *Hogan*, 77 Cal. 186; *Knight* v. *Russ*, 77 Cal. 410; *Auzerais* v. *Naglee*, 74 Cal. 64; *Boston etc. Iron Works* v. *Montague*, 108 Mass. 253, 254.) The complaint sets forth the cause of action with all the particularity required to entitle plaintiffs to have an accounting against defendant Reynolds. (*West* v. *Brewster*, 1 Duer, 647; *Young* v. *Pearson*, 1 Cal. 448; *Rippe* v. *Stodgill*, 61 Wis. 38; *Nutting* v. *Colt*, 7 N. J. Eq. 539; *Schwickerath* v. *Lohen*, 48 Wis. 599; *Ludington* v. *Taft*, 10 Barb. 452; *Colonial etc. Mortgage Co.* v. *Hutchinson Mortgage Co.*, 44 Fed. Rep. 219; *Green* v. *Brooks*, 81 Cal. 333.) There is no misjoinder of causes of action. (*Pacific R. R.* v. *Atlantic etc. Ry. Co.*, 20 Fed. Rep. 277; *Norris* v. *Hassler*, 22 Fed. Rep. 401; *Rippe* v. *Stodgill*, *supra*.) The findings are sufficient. (*Leviston* v. *Swan*, 33 Cal. 480; *Magauran* v. *Tiffany*, 62 How. Pr. 251; *Perry* v. *Foster*, 62 How. Pr. 228; *Decker* v. *Mathews*, 12 N. Y. 321; *Hutchings* v. *Castle*, 48 Cal. 155; *Green* v. *Palmer*, 15 Cal. 412; 76 Am. Dec. 492; *Luco* v. *De Toro*, 91 Cal. 426.)

McFarland, J.—This is an appeal by defendants upon the judgment-roll from a judgment in favor of plaintiffs.

Whatever may appear to be the merits of the case on the appeal from an order denying a new trial—which we learn from counsel is on its way here—we do not see anything on the face of the judgment-roll which calls for a reversal. The pleadings and findings (and briefs) are quite voluminous; and it is contended by appellants that the complaint is fatally defective, and that the findings do not support the judgment. There was a demurrer to the complaint upon the ground, first, of want of a statement of facts sufficient to constitute a cause of action, and also upon the grounds that several causes of action have been improperly united, that the complaint is ambiguous, that it is unintelligible, and that it is uncertain; and upon the four latter grounds there are eighty-six specifications. It is impracticable to notice here all these matters in detail, and we will state only our general views as to the sufficiency of the complaint.

The complaint is quite lengthy and we will give only its substance. It is averred that the plaintiff, the San Pedro Lumber Company, was, during all the times mentioned in the complaint, a corporation engaged in the lumber business, and having its principal business and place of business at San Francisco; that the plaintiff, John A. Hooper, was its president; that it had a branch of its business in the county of Los Angeles; that the appellant Reynolds was its trusted agent and employee at Los Angeles for several years prior to September, 1889, and had the sole charge and management of its business at the latter place; that it was his duty to safely keep and accurately account for all moneys and property of the company coming into his hands at Los Angeles, and to oversee and direct all other employees of the company at that place, and see that they honestly and properly performed their duties; that he was to furnish from time to time statements of the accounts, affairs, and property of the company, and pay over

all moneys received by him; and that "it was generally his duty to care for and protect in all particulars the financial interests and welfare and the business and property of said corporation in connection with said branch of the said business of said corporation in said county."

It is then averred that prior to September 25, 1889, the appellant at divers and sundry times received considerable sums of money for the use and benefit of said company which he never paid over or accounted for; that he appropriated to his own use moneys coming into his hands as such trusted agent and in the conduct of the business; that considerable sums of money were lost to the company through the dishonesty and embezzlement of other employees in consequence of the neglect of said appellant to properly discharge his duty as such agent and manager of said business; that considerable sums of money and property were lost to the company through the willful failure and neglect of appellant to discharge his duties, and his willful and wrongful mismanagement and fraud; and that during all of said times the said appellant "had the direct charge and control of the books and accounts of said corporation, and that he willfully and fraudulently caused the same to be kept in a false and fraudulent manner for the purpose of covering up his aforesaid irregular transactions in connection with the discharge of his said trust." It is also averred "that plaintiff is unable to state the precise amount of the several items, but, according to his information and belief, charges that the full amount thereof equals in the aggregate sixty-five thousand dollars, or thereabouts."

It is further averred that on said September 25, 1889, while the amount of the indebtedness of appellant to the company was "unsettled and unascertained and in dispute," the appellant, Reynolds, "in order to secure" to said company the payment by him of all moneys then due or owing by him to it, "or which might thereafter, upon careful investigation of the books and affairs of

the said company, be found to be due or owing from the said Merick Reynolds to said corporation, or for the payment of which the said Merick Reynolds was at that time, in law or equity, liable to said corporation, or for which he might be in any manner liable by reason of having been the agent and employee thereof as aforesaid"—executed to Hooper, president of said company, a written transfer and assignment of the following property: 1. One hundred and eleven and five-sixths shares of the capital stock of the San Pedro Lumber Company; 2. One hundred and one shares of the capital stock of the L. W. Blinn Lumber Company; and 3. Eleven hundred and eighty-two shares of the capital stock of the Russ Lumber & Mill Company. The said first two blocks of stock stood in the name of one Talbot, who held them as security for an indebtedness from Reynolds to him (as trustee) for about thirteen thousand dollars, evidenced by a promissory note—which fact was mentioned in said assignment. The assignment, which is copied in full in the complaint, expresses the conditions on which it was made, and they are the same as those averred in the complaint as above stated. Afterward, the corporation respondent, for the purpose of enabling said Hooper to carry out the design of said assignment, purchased the said note of said Talbot, and the amount of said note is included in the cause of action in this case. There are averments of about twenty different methods by which it is charged appellant's misconduct caused the loss to respondent—such as fraudulent entries and falsifications of balances, footings, etc., in the account-books; lumber and other property sold and not accounted for by appellant and others under his direction; rebates, discounts, rents, etc., collected and not accounted for; payments by debtors of the company not accounted for; private bills of appellant and employees under his direction charged to and paid by the company, etc. It is further averred that to determine the amount of money due said corporation by reason of the said matters averred as aforesaid, and to secure which the

said assignment of said capital stock was made, "the taking of an account of the books and affairs and business of the said corporation so carried on under the management and control of said defendant, Merick Reynolds, as hereinbefore alleged is necessary." It is averred that the defendant Pirtle claims some interest in the stock described in said assignment, but that whatever interest he may have is subject, etc., to the claim and lien of plaintiffs. The prayer is "for an accounting between the said defendant Merick Reynolds and the San Pedro Lumber Company of and as to all the matters hereinbefore set forth, in order to determine the true and correct amount of said indebtedness and claim against said defendant, and which he should pay to the said San Pedro Lumber Company by reason of his failure to discharge, and the aforesaid violations of his trust"; that after such accounting said company have judgment against said defendant for the amount found due; that the said stock be sold and the proceeds of the sale be applied in the usual manner followed in the foreclosure of liens; and that the defendants be barred and foreclosed of all right, etc., in or to the aforesaid stock.

The foregoing is a short statement of the substance of a long complaint; but it contains all that is needful for a consideration of its sufficiency, except such further matter as may be mentioned hereafter.

It is difficult to see how a general demurrer could have been sustained to the complaint; for it certainly states facts sufficient to constitute a cause of action upon the thirteen thousand dollar note. Nor is the cause of action upon the note mentioned in that part of the demurrer which is based upon the improper joining of several causes of action. Indeed, the case, so far as the complaint is concerned, seems to be argued on both sides upon the theory of leaving out of view the averments about the note; and the contention of appellants' counsel is that the other parts of the complaint are defective because they do not state sufficient facts, because they improperly unite several causes of action, and because

they are ambiguous, etc. They say in their brief: "If the action is only to recover thirteen thousand dollars, the amount of the note and the interest thereon, and to sell the pledged property, it may be and probably is sufficient to withstand the first ground of demurrer; but if it is relied upon to recover any other indebtedness arising out of the contract, either express or implied, it fails to show *how* the indebtedness arose, the *time* of the creation, or the *amount* thereof, and is all in one count." But as the question of the validity of the averments, other than those which concern the note, gives rise to the litigation, and is interwoven with the findings and judgment, we may as well follow counsel and consider whether or not the complaint—leaving out of view the averments about the note—is vulnerable to the attacks of the demurrer.

The complaint sets forth only one cause of action, which is for the enforcement and foreclosure of a lien; and, as necessary to the determination of the amount for which the lien may be enforced, an accounting. For those purposes the averments of the complaint are sufficient. They show that the appellant was the trusted agent of respondent, acting in a fiduciary capacity, and having for a long period of time the entire charge and control of its business at Los Angeles; and that by various kinds of misconduct, which are specially described, and which are averred to consist of a large number of items, he caused losses and became liable in large sums of money, the true amounts of which cannot be ascertained and determined without an accounting by appellant of the administration of his trust. This is sufficient ground for an accounting in equity. "Even where jurisdiction in equity is limited to cases where at law there is no full, complete, and adequate remedy, a court of equity has jurisdiction to enforce a pledge of stock given as security for claims and liabilities then existing, or afterward to be incurred, where these claims and liabilities are alleged to consist of a large number of items of money loaned, notes discounted, and indorse-

ments made for accommodations. Such a case gives rise
to a matter of account; and account is a matter of equity
jurisdiction." (Jones on Pleadings, sec. 641, and see
cases there cited.) "And also where the accounts are
too complicated to be dealt with in a court of law, a
court of equity will entertain jurisdiction." (1 Story's
Equity Jurisprudence, sec. 262; *Taylor* v. *Tompkins*, 2
Heisk. 89.) But, in addition to all this, the case at bar
presents a fiduciary relation between the parties in the
nature of a trust, which brings it especially within
equitable remedies. The case of *Thornton* v. *Thornton*,
31 Gratt. 212, is very similar to the case at bar. There
the defendant had been intrusted for several years with
the management of plaintiff's property in Fairfax county,
and was charged with many acts of misconduct similar
to those charged in this case; and the court enjoined
the defendant from proceeding with an action which he
had commenced in a court of law, and held that it was
"a proper case for equitable interposition." The court
quotes from the opinion of Vice-Chancellor Stuart in
*Makepeace* v. *Rogers*, as follows: "I conceive that, wher-
ever the relation between the person who seeks an
account and the person against whom he seeks it par-
takes of a fiduciary character, a trust is reposed by the
plaintiff in the defendant, and that that trust is not the
same as is represented to exist in the ordinary employ-
ment of an agent, such as a builder or other trades-
man." And it is stated that, "in affirming this judgment
of the vice-chancellor, Lord Justice Turner said there
was no authority to show that a bill would not lie at any
time by a principal against his agent for an account."
In Pomeroy's Equity Jurisprudence, section 1421, it
is said: "The instances in which the legal remedies
are held to be inadequate, and, therefore, a suit in equity
for an accounting proper, are: 1. . . . . . ; 2. Where the
accounts are all on one side, but these are circumstances
of great complications, or difficulties in the way of ade-
quate relief at law; 3. Where a fiduciary relation exists
between the parties, and a duty rests upon the defend-

ant to render an account"; and it is said in a note that
"where the relation is such that a confidence is reposed
by the principal in his agent, and the matters for which
an accounting is sought are peculiarly within the knowl-
edge of the latter, equity will assume jurisdiction"
Many authorities are cited by the author to these points.
(See, also, *Conyngham's Appeal*, 57 Pa. St. 474; *Weaver*
v. *Fisher*, 110 Ill. 146.)

Such, then, being the nature of the action, and the
facts averred warranting the institution of such an ac-
tion, the points made by appellant that each averment
of acts of misconduct by appellant constitutes a sep-
arate cause of action which cannot be properly joined
with either of the others, and that the complaint is un-
certain, etc., because it does not state more particularly
how each item of alleged liability arose, when it was
created, and especially its amount, cannot be main-
tained.  The purpose of the action was to call appellant
to an accounting touching matters peculiarly within
his knowledge and arising out of the trust reposed in
him; and we think that for this purpose the cause of
action is stated with sufficient particularity.  (*West* v.
*Brewster*, 1 Duer, 647; *Green* v. *Brooks*, 81 Cal. 333;
*Rippe* v. *Stodgill*, 61 Wis. 38; *Colonial etc. Mortgage Co.*
v. *Hutchinson Mortgage Co.*, 44 Fed. Rep. 219.)  And
the character of the complaint is not changed by the
averment that before the commencement of the action
an investigation had shown that the respondents had
suffered a loss of "upward of sixty-five thousand
dollars."

We are not able to see any insufficiency of the find-
ings to support the judgment.  They dispose generally
of the issues made by the pleadings, are very full, and
the objections to them are mainly those made to the
complaint.  There is a good deal of adverse criticism
by appellant's counsel of the finding of the court con-
cerning certain book-keepers and other employees of
respondent, that "it was not their duty to keep a cor-
rect and accurate, or any, set of books, or to send

monthly statements of the business in said county of
Los Angeles to the principal office of the company in
San. Francisco." The statement that it was not their
duty to keep accurate books is, considered by itself, a
very awkward one; but it was evidently made in re-
sponse to the averment and contention of appellant that
other employees were alone responsible for certain ma-
nipulations of the books, and that appellant had no
duty to perform in the premises; and it is followed by
the statement that " it was the duty of said Merick Rey-
nolds, under his contract with the said corporation
plaintiff, and as manager thereof, to *see that* said book-
keepers kept correct and accurate sets of books, and
that correct monthly statements" were sent to the main
office, that he " willfully failed and neglected to perform
his duty in this regard," that false statements were sent
by him, and that the falsifications of the books were
made with his knowledge, consent, and acquiescence.
Of course, what the facts were depends upon the evi-
dence, which is not before us.

A good deal is said in the briefs about a certain
tender alleged to have been made by appellants; but
without determining the questions whether the situa-
tion was such as to make a tender available at all, or
whether it was properly made and kept good, it is suffi-
cient to say that it was of a sum far less than the amount
found due. We think that the denials in the answer to
the cross-complaint are sufficient—particularly in the
absence of any showing that the case was not tried
upon the theory of the sufficiency of such denials.

It is not feasible, within a reasonable space, to follow
further the discussions of counsel. We see no valid rea-
son for disturbing the judgment on this appeal.

The judgment is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.