(18 Misc. Rep. 332.)

## SKILTON et al. v. PAYNE et al.

(Supreme Court, Special Term, New York County.  October, 1896.)

1. PRINCIPAL AND AGENT—ACCOUNTING—COMMISSIONS.
   An agent cannot sue his principal for an accounting in order to recover commissions.
2. EQUITY—ADEQUATE REMEDY AT LAW—PLEADING.
   Defendant in an equitable action need not aver an adequate remedy at law, when the facts show that plaintiff is not entitled to equitable relief.
3. SAME—DISMISSAL—AMENDMENT OF COMPLAINT.
   The complaint in an equitable action will be dismissed where plaintiff has shown no right to equitable relief, though he stated facts sufficient for an action at law, unless he amends the complaint, and asks that the cause be retained for trial by jury.

Action by Julius A. Skilton and another against Benjamin N. Payne and another for an accounting.  Complaint dismissed.

J. M. Ferguson, for plaintiffs.
Franklin Pierce, for defendants.

PRYOR, J.  Averring the employment of plaintiffs as agents for the sale of defendants' merchandise within a designated territory, the complaint exhibits a contract by which the defendants agree to pay plaintiffs a percentage on sales within that territory made by the defendants themselves; alleges such sales, but to what amount the plaintiffs do not know, and cannot discover except from the defendants; and demands an accounting as to such sales, and judgment for any commissions that may be thus ascertained to be due to the plaintiffs.  In substance and effect, therefore, the complaint is a bill in equity, and the only cause of action asserted a claim to an accounting.  At the commencement of the trial, and again on the conclusion of the plaintiffs' case, the defendants moved to dismiss the complaint, because no right to equitable relief was apparent, either by pleading or proof.  Whatever the rule in other jurisdictions, it is the law of this state that an action in equity for an accounting may not be prosecuted by an agent against his principal in order to the recovery of commissions for his services. Smith v. Bodine, 74 N. Y. 30, 34; Arnold v. Angell, 62 N. Y. 508, 511; Salter v. Ham, 31 N. Y. 321, 329; Uhlman v. Insurance Co., 109 N. Y. 421, 427, 17 N. E. 363; Marvin v. Brooks, 94 N. Y. 71, 80; 1 Wait, Act. & Def. 179.  Plaintiffs insist that the objection to the action is not available to the defendants, because they omitted to aver an adequate remedy at law.  The defense, however, is, not that the plaintiffs had an adequate remedy at law, but that they had no remedy in equity; and hence the plea, of which the absence is supposed to be fatal, was neither necessary nor appropriate. Ketchum v. Depew, 81 Hun, 278, 280, 30 N. Y. Supp. 794.  But, though the plaintiffs miscarried in establishing a right to equitable relief, they have shown facts sufficient to found an action at law for their commissions (Smith v. Bodine, supra; In re Erie Malleable Iron Co., 90 Hun, 62, 35 N. Y. Supp. 597), and the question is, shall the complaint be dismissed, or the action be retained for

a trial by jury? The plaintiffs propose no amendment of the complaint, nor ask that the cause be sent to circuit. They stand exclusively upon their claim to relief in equity; and, that failing them, I have no alternative but to dismiss the complaint. Bradley v. Aldrich, 40 N. Y. 504; Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794; Hawes v. Dobbs, 137 N. Y. 465, 470, 33 N. E. 560; Arnold v. Angell, 62 N. Y. 508; Dudley v. Congregation, 138 N. Y. 451, 460, 34 N. E. 281; Beck v. Allison, 56 N. Y. 366, 373. Complaint dismissed, with costs, but without prejudice to an action at law.

Complaint dismissed, with costs.