(24 Misc. Rep. 505.)

## PARKER v. JOHN PULLMAN & CO. et al.

(Supreme Court, Special Term, Kings County.   September, 1898.)

PLEADING—DEMURRER—MASTER AND SERVANT—PROFITS—ACCOUNTING.

   Plaintiff and defendant entered into a written contract whereby plaintiff was employed as defendant's manager, and was to receive for his services one-half of the profits.   An account of the profits was to be taken annually.   Plaintiff was discharged, and brought an action, his complaint setting forth the agreement, and demanded judgment that an account be taken, and that defendant pay him the amount found due him. *Held*, that the complaint stated a cause of action for the amount of plaintiff's unpaid compensation, notwithstanding the prayer for relief was applicable to an equity action.

   Action by Joseph Kosciusko Parker against John Pullman & Co. and others.   Defendant John Pullman & Co. demurred to plaintiff's complaint.   Demurrer overruled.

   Baldwin & Boston (Charles A. Boston, of counsel), for plaintiff.
   Leventritt & Nathan, for defendant John Pullman & Co.

   HIRSCHBERG, J. · The defendant John Pullman & Co. demurs to the complaint on the sole ground that it does not state facts sufficient to constitute à cause of action.   Said defendant is a foreign corporation.   On the 18th of August, 1892, it entered into a written agreement with the plaintiff and the defendant Leonard S. Parker, by which the Parkers agreed to continue in the employment of the company, discharging certain specified services in the management of the company's factories, and the manufacture and delivery of its goods. It was further provided that on the 1st day of August in each year, and at any other time, if desired by the company, an account of stock should be taken, and the profits, if any, of the business carried on should be ascertained, and apportioned as follows:   Two sixth parts to the company, three sixth parts to the plaintiff, and one sixth part to the other defendant; that no part of the profits of the business should be withdrawn by either Parker until the business should show a profit of $1,000 over and above all advances, debts, and liabilities, nor more than 25 per cent. of his share of such profits; and that, in ascertaining the profits, 6 per cent. interest was to be credited to the capital invested by the company.   It was expressly declared in the agreement that the Parkers were not co-partners with the company, but employés merely, and that the interest in the profits of the business set apart to them was for salary or compensation as such employés.   Either party could be discharged on 60 days' notice, in which case he was to have a specified pro rata share of the profits as ascertained and apportioned when an account of stock should be taken next after his discharge.   The complaint sets forth the agreement in full, and alleges that in accordance with its terms the plaintiff and defendant Leonard S. Parker worked for the company until their employment was terminated,—the defendant's, on September 27, 1896, and the plaintiff's, on June 26, 1897; that during that period a large number of sales of the goods manufactured by the company took place, and large profits were realized thereby; that the company has posses-

sion of the account books showing the transactions; that the accounts are long and complicated; that the account of stock has never been taken, and the profits ascertained and apportioned; and that the company has failed to account or pay to the plaintiff any portion of the profits, although frequently requested so to do. The complaint demands judgment that an account may be taken between the plaintiff and the defendants of all and every of the dealings and transactions of the said business, and that the said John Pullman & Co. pay the plaintiff the amount found to be due, and for such other relief as may be proper, with costs. The defendant insists that the complaint sets forth a cause of action in equity, while the plaintiff's remedy is one at law only.

It has indeed been frequently held that one having no interest in profits as such cannot maintain an action for an accounting merely because his compensation as an employé is to be measured by the profits of the business. Skilton v. Payne, 18 Misc. Rep. 332, 42 N. Y. Supp. 111, and cases cited. An action at law to recover the value of the services is the appropriate remedy, and in such an action the amount would be ascertained by an examination before trial, or in the course of an accounting before a referee. It is, however, by no means clear that the plaintiff, although not a partner in the ordinary sense, has not the right to an accounting as a specific performance of the contract. The contract provides for the taking of an account of stock, and that the profits should be ascertained and apportioned. There is no reservation of this right to the company exclusively, but each of the parties would be entitled to share in the act of taking stock, and ascertaining the amount of the net profits of the business. I do not find that the right to an accounting between employer and employé is embraced in the contracts in the recorded cases in which the employé's right to an accounting in equity has been denied. As was said in Marston v. Gould, 69 N. Y. 225:

"A share in the net profits is an interest in the profits as profits, and implies a participation in the profits and losses. If this does not constitute a technical partnership between the parties inter sese, an adjustment and a division of the net profits requires an accounting, and to that the plaintiff was entitled."

See, also, Emery v. Pease, 20 N. Y. 62, where, in the similar case of an employé to be paid a share of the profits as compensation, the profits to be ascertained, as in this case, by taking an account of stock, etc., such employé was held entitled to maintain an action for an accounting.

But, whether or not the plaintiff is entitled to an accounting in equity, I am of opinion the demurrer should be overruled. The complaint states facts sufficient to constitute a cause of action against the defendant company for the amount of the plaintiff's unpaid compensation. In Williams v. Slote, 70 N. Y. 601, the demand for judgment was not for any specific sum, but generally, as in this case, for an accounting, and that defendants be adjudged to pay such sum as shall be found due thereon. The court held that, upon the facts alleged, plaintiff would be entitled to a judgment for money, the trial involving an accounting, which is an ordinary incident of an action

at law, and that the fact that the prayer for relief was appropriate to an equity action was not conclusive as to the character of the action. "It has been repeatedly held, under the Code," said the court in Wetmore v. Porter, 92 N. Y. 80, "that if the facts stated in a complaint show that the plaintiff is entitled to any relief, either legal or equitable, it is not demurrable upon the ground that the party has not demanded the precise relief to which he appears to be entitled. Wright v. Wright, 54 N. Y. 437; Emery v. Pease, 20 N. Y. 62; Williams v. Slote, 70 N. Y. 601." The defendant cites the case of Swart v. Boughton, 35 Hun, 281, as in contravention of this alleged dictum. In that case, however, and in those therein cited, no legal claim was asserted. Moreover, the same ruling as that in Wetmore v. Porter was repeated seven years after the decision in Swart v. Boughton, in the case of Mitchell v. Thorne, 134 N. Y. 542, 32 N. E. 12, as follows:

"If the facts stated in a complaint are sufficient to constitute a cause of action, whether legal or equitable, the complaint is not demurrable on the ground that it does not state sufficient facts, because the judgment demanded is inconsistent with the cause of action stated, nor because both legal and equitable relief are demanded when plaintiff is entitled to but one."

It is to be noted that the learned justice who wrote the opinion in Swart v. Boughton concurred in the decision just cited. I have examined the numerous authorities cited in support of the demurrer, and do not find that any of them goes further than to hold that, if a complaint does not demand proper relief, it will not be upheld on demurrer, although sufficient facts may be stated to support a demand for such relief, had it been made. But the authorities are uniform that if the complaint does state facts entitling a plaintiff to relief, either legal or equitable, which relief is demanded, it will not be defeated on demurrer, such as has been here interposed, merely because it makes demand for both. The conclusion I reach is that, as the complaint alleges a debt, and demands judgment to recover it, the demurrer to the effect that it does not state facts sufficient to constitute a cause of action must be overruled, notwithstanding the prayer for an accounting.

Judgment for plaintiff on demurrer, with costs, with leave to defendant to plead anew within 20 days on payment. Ordered accordingly.