[S. F. No. 2124.  Department Two.—August 10, 1900.]

## JAMES J. DOLAN, Appellant, v. DANIEL O'TOOLE, Respondent.

SALE OF MINE—CONDITION—PROSPECTING BY PURCHASERS—SERVICES OF MINING EXPERT—VOID ORAL BARGAIN FOR COMMISSION.—An oral agreement between the vendor of a mine and a mining expert well acquainted therewith, made while proposed purchasers under a conditional contract for purchase of the mine, if found satisfactory within a specified period, were in possession and prospecting the mine, that for the services to be rendered by such mining expert in aiding the vendor to consummate the sale, in case the sale was made, he should receive ten per cent of the purchase price, is void, as being in violation of the sixth subdivision of section 1624 of the Civil Code, requiring a contract to pay a commission upon the sale of real estate to be in writing.

ID.—CONSTRUCTION OF CODE.—Subdivision 6 of section 1624 of the Civil Code is not confined in its operation to persons who make a business of buying and selling real estate, but includes every person who, in any case, comes within its provisions.

ID.—EVIDENCE—SUCCESSFUL SERVICES RENDERED TO PURCHASERS.—The fact that the mining expert at the request of the purchasers gave them directions where to work to develop ore, and that

his directions were followed successfully, and resulted in such development of ore as induced the purchase of the mine under the contract, whatever liability it may impose upon the purchasers, cannot aid the recovery by the mining expert against the vendor under the oral contract for commission, and is not admissible evidence in an action against the vendor to recover such commission for the services rendered to the purchasers at his request.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Henry K. Mitchell, for Appellant.

Lindley & Eickhoff, and Isaac Frohman, for Respondent.

HAYNES, C.—Defendant was the owner of a certain mine, and had contracted with a third party for the sale of it upon certain terms—in substance, that the purchaser should be put in possession for a specified time for the purpose of examination and development, and, if found satisfactory, to pay therefor a specified price. Plaintiff was an experienced miner and expert, and was well acquainted with the location of the mine and the work done in it, and while the conditional purchasers were in possession under their contract and prospecting for ore, defendant made a contract with the plaintiff for his services "to be rendered in aiding him [defendant] to consummate the sale under the contract," and for which, if the sale was made, he was to receive ten per cent of the purchase price. It appearing that the said contract for plaintiff's services was oral, objection was made and sustained to the evidence. It was then offered by the plaintiff to be shown that at the request of the purchasers plaintiff gave them directions where to work to develop ore, that his directions were followed successfully and resulted in such development of ore as induced the purchase under said contract. The court sustained the objection to the offered evidence and rendered judgment for the defendant, and plaintiff appeals.

Section 1624 of the Civil Code provides: "The following contracts are invalid unless the same, or some note or memorandum

thereof, be in writing and subscribed by the party to be charged, or by his agent: . . . . 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission."

In *Shanklin v. Hall*, 100 Cal. 26, the court below made the following findings of fact: "That on the seventeenth day of April, 1890, the plaintiff and defendant entered into an oral agreement, whereby it was agreed between them that plaintiff should use his knowledge and influence on behalf of, and render his services to, defendant to enable him to sell or exchange the lands mentioned in the complaint herein, for which plaintiff was to be paid by the defendant the sum of four hundred and fifty dollars as soon as the sale or exchange was effected through his, the plaintiff's, knowledge, influence, or services rendered to him, the defendant," and that the plaintiff rendered the services as agreed, and that a transfer of the land was made by virtue of such services of plaintiff; and the court below concluded that plaintiff was entitled to recover. Upon appeal this court came to the opposite conclusion, holding that the contract was void under the provisions of the code above cited.

Counsel for appellant attempts to distinguish *Shanklin v. Hall, supra,* from the case at bar, and for this purpose refers to the testimony in that case, showing that Shanklin was engaged in the real estate business, and that he made new terms with the proposed purchaser which were accepted by Hall. But this statute is not confined to those who make a business of buying and selling real estate for others, but includes every person who in any case comes within its provisions.

Nor does the fact that new terms were secured by Shanklin affect the case. In the case at bar the defendant had given a third party an option to purchase the mine within a certain time at a stipulated price, with which he was satisfied, but feared that the property would not be taken under the option, and the employment of plaintiff was to procure the party holding the option to accept the property, and thus effect a sale; and plaintiff's offer was to prove that his directions to the party as to where they should work resulted in developments which secured the sale, and that was the sole purpose for which he was employed. The fact that plaintiff having been requested by the

purchasers to advise them in their work of prospecting the mine might create a liability against them does not affect the question, since he alleges in his complaint that the sum sued for was "for services rendered to him, defendant, at his special instance and request, in giving his, plaintiff's, knowledge, judgment, and opinion, as a practical miner and mining expert to divers persons, in and about that certain mine, situated," etc. I see no ground upon which this case can be distinguished from *Shanklin v. Hall, supra,* and upon the authority of that case the judgment appealed from should be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Henshaw, J., Temple, J.