[Civ. No. 4447.   Third Appellate District.—November 10, 1931.]

F. A. ARBUCKLE, Respondent, v. CLIFFORD F. REID, INC. (a Corporation), Appellant.

McAdoo, Neblett, O'Connor & Clagett for Appellant.

J. Karl Lobdell and Harold L. Watt for Respondent.

JAMISON, J., *pro tem.*—Plaintiff commenced this action to recover from defendant an alleged balance owing to him by defendant for commissions arising from a contract pertaining to the sale of real estate. The complaint sets forth, that at the date of said contract, defendant was engaged in the business of subdividing and improving tracts of real estate in the county of Los Angeles, and had in its employment salesmen for marketing the same; that pursuant to said contract plaintiff entered the employment of defendant, as director of sales and manager of real estate salesmen, and as such director and manager, fully and fairly performed his duties as such; that by the terms of said contract defendant agreed to pay plaintiff for said services one-half of one per cent commission as overriding charge on the first $100,000 of business closed each calendar month by said defendant, and one per cent commission as an overriding charge on all business done by said defendant over, $100,000 each calendar month, to be paid to plaintiff in cash on all sales when one-fourth of the purchase price was paid to defendant by the purchasers of said real estate; that as plaintiff is informed and believes there were a large number

of sales of said real estate negotiated and closed and one-fourth of the purchase price paid during the time of plaintiff's employment under said contract, for which plaintiff has never been paid his said commission; that the records of said sales and the amounts paid by purchasers to defendant, with dates of payments and the original sales receipts and contract for such sales, are in the custody and control of defendant; that plaintiff does not have the said records or copies thereof from which the amounts of his commissions can be determined; that defendant fails and refuses to account to plaintiff for said commissions, though often requested by plaintiff so to do and refuses to pay said commissions, and that an accounting is necessary in order to determine the amount of said commissions owing to plaintiff from · defendant.

Defendant demurred to the complaint, the main ground thereof being that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant answered admitting that plaintiff was employed by it under said contract as director of sales and manager of real estate salesmen employed by defendant, denied owing plaintiff any commissions and alleged that it had furnished plaintiff from time to time statements of all closed business during the period of plaintiff's employment, and that, therefore, plaintiff was in position to calculate the exact amount of his compensation.

Judgment was rendered in favor of plaintiff, from which defendant appeals.

Appellant urges two points for reversal of the judgment: 1. That respondent has no right to seek an accounting on a contract for the payment of wages but his action is one at law on the contract. 2. The contract sued upon and set up in plaintiff's complaint comes within the terms of section 1624 of the Civil Code and the plaintiff is barred from recovering upon the contract.

Appellant contends that inasmuch as respondent was to receive a certain commission on the gross business closed by appellant, and that the amount of said commission was definite, as was also the amount of the closed business under which the percentage was to be computed, that therefore the court had no jurisdiction, under the complaint, to order an accounting for the reason that respondent had a plain,

speedy and adequate remedy at law, that is to say, that while equity gives to the principal the right to require an accounting from the agent, the agent cannot require an accounting from his principal.

In support of this contention he cites an English case, that of *Smith* v. *Leveaux*, 2 De G. L. & S. 1 (46 Eng. Reprint, 274), and *Lynch* v. *Willard*, 6 Johns. Ch. (N. Y.) 342, and *Skilton* v. *Payne et al.*, 18 Misc. Rep. 332 [42 N. Y. Supp. 111]. All of these cases hold that an agent is not entitled to file a bill in equity for an accounting against his principal for commissions due the agent and that his remedy was by an action at law.

These cases were determined in jurisdictions where the distinction between actions at law and actions in equity were recognized and enforced. In this state we have but one form of civil action for the enforcement and protection of private rights. (Code Civ. Proc., sec. 307; *Estate of Cook*, 205 Cal. 581 [271 Pac. 1083].)

A party cannot be sent out of court merely because his facts do not entitle him to relief at law, or merely because he is not entitled to relief in equity. He can be sent out of court only when, upon his facts he is not entitled to relief, either in law or equity. (*Burd* v. *Downing*, 60 Cal. App. 493 [213 Pac. 287]. See, also, *Grace* v. *Aldrich*, 38 Cal. 514 [99 Am. Dec. 423].)

Where a court of general jurisdiction has jurisdiction both at law and equity, and the plaintiff has a cause of action of which that court has jurisdiction, and where it is necessary to have an accounting to determine his rights, such accounting may be had in that court regardless of whether or not the facts would have given jurisdiction to a court of equity. (6 Bancroft's Code Practice and Remedies, p. 5812.)

If the plaintiff has a cause of action of which the court has jurisdiction, and it is necessary to have an accounting to determine his rights it will be done. (*Coward* v. *Clanton*, 122 Cal. 451 [55 Pac. 147].)

In the instant case respondent produced evidence to the effect that on September 15, 1926, he entered into a contract with appellant by which he agreed to act for appellant in the capacity of director of sales and manager of its real estate salesmen; that his duties were to employ salesmen and saleswomen and to aid and assist them in closing their deals

and selling appellant's property and to act as lecturer each day to the groups of prospective purchasers that the salesmen brought to the property; that the number of salesmen and women under his management would average 200; that a sale was deemed closed when the customer signed a contract for the purchase of the tract selected by him and made a payment thereon of at least ten per cent of the purchase price; that the records of all sales made were kept in the office of appellant's auditor and that respondent kept no record of them, nor of payments thereafter made, and, therefore, had no means of knowing on how many of the closed deals made, while he was in the employment of appellant, one-fourth of the purchase price was actually paid, though he assumed that the said closed deals, upon which one-fourth of the purchase price had been paid and for which he had not been paid his commission, amounted to about $1,300,000.

The contract provided that either party might terminate the contract for just cause. On September 19, 1927, appellant wrote respondent making a reduction of his compensation and thereupon respondent terminated his employment under said contract. Repeated demands were made by him upon appellant for a statement of his account, but appellant refused to furnish the same, merely stating in reply to respondent's demands that it owed him nothing.

At the close of respondent's testimony, appellant, declining to introduce any testimony, arguments of counsel began and thereupon it appears from the record the court suggested the appointment of a referee to audit the account for the purpose of ascertaining upon what sales made during respondent's employment, one-fourth of the purchase price had been paid, and upon the result thereby obtained rendered its judgment in favor of respondent.

Appellant cites the case of *California Raisin Growers' Assn.* v. *Abbott,* 160 Cal. 601 [117 Pac. 767], as sustaining his contention that an agent has no right to an accounting against his principal. It is true that in that case the court held that generally speaking an agent may not demand an accounting from his principal where the matters for which an accounting is sought are peculiarly within the knowledge of the agent.

But, in the instant case, the matters for which an accounting is sought were not within the knowledge of the agent but wholly within the knowledge of the principal.

The general rule that the agent cannot demand an accounting from his principal is subject to the modification that where the relation between the agent and the principal is of a fiduciary character or the transactions between them are so involved or complicated that the remedy at law is insufficient to administer complete justice, a court of equity will entertain a bill by an agent for an accounting. (Ann. Cas. 1914B, 1028, note; *Fenno* v. *Primrose et al.*, 116 Fed. 49; *Hapgood* v. *Berry et al.*, 157 Fed. 807 [85 C. C. A. 171]; *Miller* v. *Russell*, 224 Ill. 68 [79 N. E. 434]; *San Pedro Lumber Co.* v. *Reynolds*, 111 Cal. 588–596 [44 Pac. 309].) ·

It is apparent that the trial court found that it would be impossible for it to render its decision in this case and do justice between the contending parties without first having had an account taken, and it appears that both respondent and appellant agreed to the appointment of a referee to take the account.

We are of the opinion that the trial court did not err in overruling the demurrer and in ordering the accounting.

The next contention of appellant is to the effect that the complaint comes within the terms of section 1624 of the Civil Code and is invalid. Subdivision 6 of said section provides that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation, or a commission, is invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent.

The contract entered into between appellant and respondent was as follows:

"September 15th, 1926.

"Mr. Arbuckle. In accordance with our previous verbal understanding we wish to start you on override basis beginning Friday, September 10th, 1926 as per the following schedule, 1/2% (one half per cent) commission on the first $100,000.00 closed business each calendar month. ·

"1% (one per cent) override commission on all business done over $100,000.00 each calendar month; to be paid in cash on all closed business with a quarter down. This

arrangement may be terminated for just cause by either party at any time in writing, but shall remain in force from tract to tract unless otherwise arranged.

"CLIFFORD F. REID, INC.

"By CLIFFORD F. REID, President."

Appellant contends that, as the contract contains no description of the property to be sold, it comes within the statute and is invalid, and in support of this contention cites *Proulx* v. *Sacramento Valley Land Co.,* 19 Cal. App. 529 126 Pac. 509], which holds that a contract authorizing or employing an agent or broker to sell real estate for a commission must not only be in writing, but must also contain a description of the property to be sold.

This contract, as we view it, is not the kind of contract or agreement to which reference is made by said section 1624. It contains no authorization to respondent to either purchase or sell the property of appellant, but, on the contrary, simply makes him the business manager of appellant for the purpose of aiding and assisting its salesmen in disposing of its lands. As was said in the case of *Pettibone* v. *Lake View Town Co.,* 134 Cal. 227 [66 Pac. 218, 219], in holding that said section 1625 had no application, "The contract involved is for the personal services of the plaintiff" and so in the case at bar the compensation or commission agreed to be paid was in lieu of salary or wages for the personal services to be performed by respondent.

Appellant produced no evidence to the effect that the 200 salesmen, who sold appellant's land under the supervision of respondent, did not have the necessary contracts required by section 1624. ▮ Even though it be conceded that respondent participated in sharing the commissions which the salesmen received from the sale of the lands, any agreement for that purpose between himself and the salesmen was not required to be in writing. (*Cornelius* v. *Holland,* 102 Cal. App. 136 [282 Pac. 539]; *Gorham* v. *Heiman,* 90 Cal. 346 [27 Pac. 289].)

We are of the opinion that the judgment should be affirmed, and it is ordered.

Thompson (R. L.), J., and Preston, P. J., concurred.