[Civ. No. 1424. Fourth Appellate District.—December 8, 1933.]

W. E. DUCKWORTH, Respondent, v. J. E. SCHU-MACHER, Appellant.

Forgy, Reinhaus & Forgy, Fred Forgy and A. M. Bradley for Appellant.

Leonard Evans for Respondent.

WARMER, J., *pro tem.*—Plaintiff brought this action to recover $1168 for services performed under an oral contract. According to the complaint, the plaintiff was to assist and aid the defendant in laying out for subdivision and subdividing for sale certain lands of the defendant and to act as defendant's general sales manager in charge of the advertising of said subdivision, and devising ways and means of promoting the sale of said tract and superintending the sale thereof at a stated salary per week until the employment should be terminated, and alleging certain payments made thereon. The defendant's answer denied the allegations of the complaint except the receipt by plaintiff of certain sums of money alleged as payments by the defendant, and as a separate defense pleaded a contract alleging the employment of the plaintiff by the defendant as a sales manager for the purpose of offering for sale and making sales of certain real property; that said agreement herein referred to by said defendant was oral and as a separate defense that the cause of action is barred by the provisions of section 1624 of the Civil Code and by cross-complaint sought to recover a judgment for certain sums of money advanced to the plaintiff. The finding is in accordance with the plaintiff's claim except that the court finds that the plaintiff was employed by a contract in writing and by an oral contract. This appeal is taken upon a bill of exceptions.

The record before us discloses that the plaintiff's testimony was in strict accord with the allegations of the complaint above mentioned. There is no evidence in the record to support the finding so far as the contract being in writing is concerned. However, that is immaterial if the contract here, being oral, is not within the inhibitions provided in Civil Code, section 1624. Appellant contends that by the very terms of the contract here found to exist

it is one falling squarely within subdivision 5 of section 1624 of the Civil Code, which provides that any agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid unless in writing, or some note or memorandum thereof is in writing and subscribed by the party to be charged. The employment had to do with the sale of real estate.

*Shanklin* v. *Hall,* 100 Cal. 26 [34 Pac. 636], was an action to recover for services rendered in the exchange of certain real estate. Plaintiff was to use his knowledge and influence on behalf of and render his services to defendant to enable him to sell or exchange the lands mentioned, for which plaintiff was to be paid by defendant a certain sum of money. The trial court gave judgment for the plaintiff. The Supreme Court said: ''We think the conclusion of law arrived at by the court erroneous. . . . It is not necessary, in the sense of the statute, that he should have been authorized to execute a conveyance of defendant's real property. 'The duty assumed by a broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made.' (Citing cases.) And this is what plaintiff was employed to do, and precisely what he avers he did in performance of the agreement on his part.'' Again, in *Shanklin* v. *Hall, supra,* in discussing the case of *Wilson* v. *Morton,* 85 Cal. 598 [24 Pac. 784], the court said: ''In that case the plaintiff was not employed to purchase or sell, or to assist in the purchase or sale of real estate.''

*Dolan* v. *O'Toole,* 129 Cal. 488 [62 Pac. 92, 93], was a case in which the defendant was the owner of a mine and had contracted with a third party to sell said mine for him upon certain terms, that the purchaser should be put in possession for a specified time for examination and development of the mine; and the sale was to be consummated if the mine proved satisfactory and was to be paid for at a specified price. Plaintiff was an experienced miner and expert, and was well acquainted with the mine and had worked in it. While the conditional purchasers were in possession under their contract and prospecting for ore, the defendant made a contract with the plaintiff for his services, to be rendered in *aiding* him (defendant) to consummate the sale under the contract and for which, if the

sale were made, he was to receive ten per cent. The contract was oral. Objection was made to the admission of any testimony thereon and the objection sustained. The plaintiff then offered to show that at the request of the purchasers plaintiff gave them directions where to work or where to develop ore, that his directions were followed successfully and resulted in such development of ore as induced the purchase under said contract. The court said: "I see no ground upon which this case can be distinguished from *Shanklin* v. *Hall, supra,* and upon the authority of that case the judgment appealed from should be affirmed."

Plaintiff relies entirely upon the case of *Arbuckle* v. *Clifford F. Reid, Inc.,* 118 Cal. App. 272 [4 Pac. (2d) 978, 981]. In that case, so far as pertinent here, the complaint alleged that the plaintiff and defendant had entered into a contract; that pursuant to said contract plaintiff entered the employ of the defendant as director of sales and manager of real estate salesmen, and as director and manager fully and fairly performed his duties as such. The decision shows that in the carrying out of said contract the duties of the plaintiff were to employ salesmen and saleswomen and to aid and assist them in closing their deals in selling defendant's property, and to act as lecturer each day to the groups of prospective purchasers that the salesmen brought to the property; and that the number of salesmen and saleswomen under his management would average two hundred. The court, in discussing the point as to whether or not the contract fell within the terms of section 1624, subdivision 5, said: "This contract, as we view it, is not the kind of contract or agreement to which reference is made by said section 1624. It contains no authorization to respondent to either purchase or sell the property of appellant, but, on the contrary, simply makes him the business manager of appellant for the purpose of aiding and assisting its salesmen in disposing of its lands." It will be noted that the plaintiff, pursuant to said contract, entered the employ of the defendant as director of sales and manager of real estate salesmen. The evidence introduced shows what the plaintiff actually did was to employ salesmen, both men and women, and to aid and assist them in closing their deals in selling appellant's property, and to act as lecturer to a group of prospective purchasers brought to the property by the sales-

men; and that the number of salesmen under his management was about two hundred. We think the decision must be construed to go no further than indicated by the services shown to have been intended by the contract.

The services intended by the parties to the said contract were personal services of the plaintiff to effectuate a smoothly functioning organization for the benefit of the defendant and not directly for the sale of any certain real property by the plaintiff. If construed otherwise it is in conflict with the established rule of law of this state as declared in the case of *Shanklin* v. *Hall, supra,* and from such established rule we feel we are not at liberty to depart. In the case at bar, the plain intendments of the parties to the contract were that the plaintiff was to aid and assist in preparing a certain tract of land belonging to the defendant for sale by laying the same out for subdivision and subdividing it; to act as sales manager; to promote the sales by a plan of campaign of advertising; and to superintend the sale thereof. Stating the proposition otherwise, the plaintiff was to aid and assist the defendant in the preliminary work of laying out a subdivision and subdividing a certain tract of land owned by the defendant; to plan and carry out an advertising promotional scheme looking to the sale of the land; to act as sales manager; superintend the sale of said tract. The contract in its entirety looked to the sale of said tract through the agency of said plaintiff and by the means conceived and devised by the plaintiff, all to the end that defendant might sell his said tract through the medium of and by the activities of the plaintiff. Such employment, therefore, had for its sole object and purpose the sale of the real property, and such an employment is within the inhibition of section 1624 of the Civil Code. To hold otherwise would give rise to a practice of ingenious forms, without substance in fact, and thus avoid the very salutary rule of law as declared in section 1624 of the Civil Code, and open the door to fraud, long closed by said statute, and would in effect abrogate such statute of frauds (Civ. Code, sec. 1624).

The decision in *Arbuckle* v. *Clifford F. Reid, Inc., supra,* as we understand it, is not in conflict with the decision in *Shanklin* v. *Hall, supra;* hence the sole question remaining for determination is, is the contract of employment herein

one that is required by the statute to be in writing? We think it is. ██ If one assists either in the purchase or sale of real estate on a contract for compensation either by commission or salary, he falls within the inhibitions provided in said section to the same extent and in the same manner as though he had been the sole and exclusive medium through which the purchase or sale was made. We think that the term "employed to sell or purchase" should and does include to aid and assist in the purchase or sale, and it seems to us that to state otherwise would be equivalent to saying that the whole does not include all of its parts (*Shanklin* v. *Hall, supra; Dolan* v. *O'Toole, supra*). Measured by this standard, all the testimony in the record shows that plaintiff was to aid and assist defendant in the sale of real estate, and such was the purpose of his employment. The evidence, therefore, was insufficient to support the findings of the court and the judgment, there being no evidence that the contract was in writing, that the contract was of such a nature as to require it to be in writing or some note or memorandum thereof in writing and signed by the party to be charged.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.