[Sac. No. 3303. In Bank.—March 7, 1923.]

CARL H. SHAFFER et al., Appellants, v. CHARLES A. BEINHORN, Respondent.

[1] REAL ESTATE BROKERS' ACT—FINDING PROSPECTIVE PURCHASER— ACTION FOR COMPENSATION—SUFFICIENCY OF COMPLAINT.—In an action to recover compensation for services, where the complaint alleged that defendant, who was a duly licensed real estate broker and appointed in writing to sell certain real estate, entered into an agreement with plaintiffs promising that if the latter would find anyone interested in the purchase of the property to whom defendant would be able to negotiate a sale, or would introduce to defendant anyone to whom he would be able to negotiate a sale, he would pay plaintiffs a certain percentage of the commission, it being further alleged that plaintiffs did introduce such a prospective purchaser to defendant with whom he negotiated a sale and received certain compensation, the complaint states a cause of action, and does not show that plaintiffs were acting as real estate brokers within the meaning of the Real Estate Brokers' Act.

[2] ID.—BROKERS AND SALESMEN—DEFINITION.—In order to come within the definition of real estate broker or real estate salesman, under

---

1. Effect of failure to obtain license on right of broker to commissions, notes, 5 Ann. Cas. 897; Ann. Cas. 1912D, 378; 1 L. R. A. (N. S.) 1159.

the Real Estate Brokers Act (Stats. 1919, p. 1252), a party must "sell, buy or offer to buy, or negotiate the purchase or sale or exchange of real estate."

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl A. Bagby for Appellants.

Karl A. Machetanz for Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, *Amici Curiae.*

LENNON, J.—The case is here on rehearing after decision by the district court of appeal. The facts of the case and the point presented in support of the appeal are as follows:

"The appeal is from a judgment based upon an order sustaining defendant's demurrer to the amended complaint of plaintiffs.

"As far as necessary to quote said complaint is as follows:

" 'That on or about the 5th day of March, 1920, the defendant was a real estate broker, duly licensed as such, residing and having his principal place of business in the City of Exeter, County of Tulare.

" 'That on or about the said last mentioned date the said defendant as such broker was the real estate agent and broker, by writing duly appointed for the sale of certain real property situate in the County of Tulare, State of California, commonly known as the Rockford ranch and that by the terms of the agency agreement, as aforesaid, as plaintiffs are informed and believe, the said defendant was to receive from the owner of said ranch as compensation for the selling of the same as such real estate broker, and the owner of said ranch in said agency agreement, did agree to pay as such compensation to defendant, as such real estate broker, a commission of five per cent, to be computed upon the total selling price.

" 'That on or about the 5th day of March, 1920, the said defendant as broker and agent for the sale of said real estate, as aforesaid, entered into an agreement with these

plaintiffs whereby the defendant agreed that if the plaintiffs, or either of them, would find anyone interested in the purchase of such a ranch, to whom the said defendant would be able to negotiate a sale thereof, or would introduce to said defendant anyone to whom the said defendant would be able to negotiate a sale thereof, he, the said defendant would pay unto the plaintiffs a sum of money equal to two-thirds of the gross commission which the said defendant might receive on account thereof.

" 'That thereafter these plaintiffs relying on their said agreement with defendant did procure and produce to defendant a prospective purchaser for the said real property to whom the said defendant did thereafter and as such agent and broker negotiate a sale of said real property, and on account of which sale the said defendant did on or about the 26th day of October, 1920, receive, as a part of the compensation and commission aforesaid, the sum of five thousand seven hundred and fifty ($5,750) dollars.'

"Then follows an allegation of a demand upon defendant for the payment of their proportion of said commission and his refusal to pay any portion of it, and the complaint proceeds:

" 'That neither of said plaintiffs are or ever have been a real estate broker or real estate salesman within the meaning of the Act of the Legislature of the State of California defining a real estate broker and salesman, approved May 27th, 1919, and that neither of said plaintiffs have at any time sold or offered to sell, bought or offered to buy, or negotiated the purchase or sale or exchange of real estate, or negotiated loans on real estate, leased or offered to lease, rented or placed for rent, or collected rent from any real estate or improvements thereof for others either as a whole or partial vocation, and that neither of said plaintiffs have ever at any time or in any manner acted as a broker or salesman or agent for the purchase, sale or exchange of real estate of or for another, and that at no time other than the time herein mentioned have the plaintiffs or either of them ever engaged for a compensation to find, procure or introduce to any person, another person, firm, or corporation to whom or with whom a contract of sale, purchase, or exchange might be made.'

"It is conceded that the demurrer to the complaint raised the point and was decided upon the ground that plaintiffs by their allegations disclosed an attempt to induce the defendant to violate an express mandate of law and that the enforcement of their demand would be against public policy.

"Sec. 1 of said real estate Act (Stats. of 1919, p. 1252), provides: 'It shall be unlawful for any person, copartnership or corporation to engage in the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without obtaining a license therefor.'

"Sec. 2 provides: 'A real estate broker within the meaning of this act is a person, copartnership or corporation, who for a compensation, sells, or offers for sale, buys or offers to buy or negotiates the purchase or sale or exchange of real estate . . . for others as a whole or partial vocation. A real estate salesman within the meaning of this act is one who for compensation is employed by a licensed broker to sell, or offer for sale, or to buy, or offer to buy, or to negotiate the purchase or sale or exchange of real estate, . . . as a whole or partial vocation.'

"Section 17 provides the penalty for acting as a broker or salesman without license and Section 18 is as follows: 'It shall be unlawful for any licensed broker to pay a commission for performing any of the acts herein specified to any person who is not a licensed broker, or a licensed salesman.'

"Section 20 provides: 'No person, copartnership, or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in Section Two hereof without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.'

"As to the validity of said Act no question is raised by appellants. Indeed, the Supreme Court has recently upheld it as a legitimate example and exercise of the police power of the State. *Riley* v. *Chambers,* 181 Cal. 592 [8 A. L. R. 418, 185 Pac. 855]. It was declared that even lawful and useful occupations may be subjected to regulation in the

public interest and that the proper test as to whether the
Legislature has exceeded its authority is whether the pur-
pose and effect of the regulation 'go no further than throw-
ing reasonable safeguards in the public interest around the
exercise of the right'; and the conclusion was reached that
'the single primary purpose of the Act is to require of real
estate brokers and salesmen that they be honest, truthful
and of good reputation' and that said legislation embodies
a legal and reasonable scheme for that purpose. It is con-
ceded that the measure was enacted for regulation and not
for the purpose of revenue, and it is to be observed that the
license fees are of nominal consideration and are imposed
only for the purpose of defraying the expense attached to
the administration of the law. But it is the claim of appel-
lants that the act which they were employed to perform does
not bring them within the purview of a broker or salesman
as these terms are defined in said statute.'' (Real Estate
Brokers Act [Stats. 1919, p. 1252].)

[1] With this contention as a basis, it is argued that the
complaint does state a cause of action and was, there-
fore, proof against demurrer. We are in accord with this
contention.

The complaint does not on its face show that plaintiffs
were engaged in the business, or acting in the capacity, of
a real estate broker or real estate salesman when they per-
formed the act for which they seek compensation. [2] In
order to come within the definition of real estate broker or
real estate salesman a party must ''sell or offer to sell, buy
or offer to buy, or negotiate the purchase or sale or exchange
of real estate . . . '' By the terms of their contract as
pleaded the plaintiffs were only required ''to find'' or ''to
introduce'' to defendant a person ''interested'' in purchas-
ing and who subsequently did purchase, in order to recover
the sum agreed by defendant to be paid to them. By the
terms of the contract, as set forth in the complaint, the
''negotiation'' of the sale was to be left entirely to defend-
ant. Plaintiffs' only duty was to produce a prospective
purchaser. This, the complaint alleges, they did. The com-
plaint expressly negatives any further act or acts on the
part of plaintiffs which might tend to bring them within
the scope of the definition, denying specifically and in prac-
tically the identical words of the statute itself that they

"sold or offered to sell, bought or offered to buy, or nego-
tiated the sale . . . of real estate . . . '' The truth of this
allegation is admitted by demurrer. The acts of plaintiffs,
therefore, as alleged in the complaint fall short of those
defined by the Real Estate Brokers Act as constituting
either a real estate broker or real estate salesman.

In *Schomig* v. *Keiser*, 189 Cal. 596 [209 Pac. 550], it was
held that any employment by any person of another to col-
lect payments on an agreement which had already been
negotiated did not make the party a real estate broker, or
real estate salesman. By a parity of reasoning the employ-
ment of any person to perform an act preceding the negotia-
tion of a sale does not, in the absence of subsequent
assistance rendered in the ultimate negotiation of the sale
constitute the party thus employed a real estate broker, or
real estate salesman.

It may be that upon a trial of the case the defendant may
be able to prove that plaintiffs did in fact actually assist in
negotiating the sale. If he can do this, it is a good defense.
But for the purpose of passing upon a demurrer it is not
permissible to predicate a ruling upon the presumption that
plaintiffs did actually assist in the subsequent negotiations
which ultimately resulted in the sale.

The question of whether or not a single act can be held to
constitute a ''partial vocation'' need not, under the view
which we have taken of the facts pleaded in the plaintiffs'
complaint, be decided.

Moreover, a consideration of that question is immaterial
in this particular case by reason of the provisions of section
18 of the Real Estate Brokers Act (Stats. 1919, p. 1259),
which provides that ''it shall be unlawful for any licensed
broker to pay a commission for performing any of the acts
herein specified to any person who is not a licensed broker
or a licensed salesman.'' In view of this section it follows
as a matter of course that although it be conceded that it
was but a single act, nevertheless if the plaintiffs' partici-
pation in the transaction in question was in fact that of a
salesman or broker, as defined by the act, then, of course,
payment for the service rendered in that behalf could not
be enforced under the provisions of this section. It, there-
fore, makes no difference whether a single act does or does
not amount to a partial vocation.

Judgment reversed, with instructions to the court below to overrule the demurrer with leave to defendant to answer within a designated time.

Kerrigan, J., Seawell, J., Lawlor, J., Myers, J., Wilbur, C. J., and Waste, J., concurred.