[S. F. No. 13435.   In Bank.—April 17, 1931.]

JOHN DEMOCA, Respondent, v. HARRY D. BARASCH
    et al., Defendants; PACIFIC INDEMNITY COM-
    PANY (a California Corporation), Appellant.

Cooley, Crowley & Gallagher, Cooley & Crowley and
Cooley, Crowley & Supple for Appellant.

James E. Colston and John G. Alioto for Respondent.

PRESTON, J.—Plaintiff, seeking to recover damages for
the breach of Harry D. Barasch, a licensed real estate
broker, brought this action against him and against defend-
ant corporation as surety upon his $2,000 bond under the
Real Estate Brokers' Act of 1919, as amended (Stats. 1919,
p. 1252, Act 61; Stats. 1925, chap. 341, p. 600).   The cause

was tried before the court without a jury, upon stipulated facts, and the court thereafter made its findings, and entered judgment in favor of plaintiff and against defendant corporation, from which judgment said defendant now appeals.

Appellant's main contention is that of insufficiency of the evidence to justify the findings and judgment. In this behalf, it is urged that the sale made by defendant Barasch was not a real estate transaction, requiring the services of a real estate broker, as defined by the act, and that said defendant was not acting in that capacity, but that said sale was merely one of personal property, consisting of a poolroom, stock and equipment, carrying with it as incidental to the interest in the personalty sold, the sale and assignment of plaintiff's leasehold interest; that the judgment against appellant as surety should not include the purchase price of the personalty, but should be limited to the value, if any, of the lease alone; that the evidence failed to show that said defendant was employed to negotiate a sale or exchange of the lease or to show what amount, if any, was paid for the transfer thereof; that said defendant was acting as the attorney-in-fact of plaintiff and therefore the provisions of said act do not apply. Lastly, appellant complains of insufficiency in the allegations of the complaint with respect to the employment of said defendant and of inconsistencies in the findings.

These various contentions require us to here set forth briefly the pertinent provisions of the said statute, of the pleadings, stipulation of facts and of the findings and judgment herein.

Section 2 of said Real Estate Brokers' Act (Stats. 1925, p. 600) defines a real estate broker in part as " . . . a person . . . who, for compensation, negotiates loans on real estate, leases, or offers to lease, or negotiates the sale, purchase, or exchange of leases, rents, or places for rent, or collects rent from real estate . . . for others as a whole or partial vocation . . .". Said section further reads: "Nor shall the provisions of this act apply to persons holding a duly executed power of attorney from the owner, nor shall this act be construed to include in any way the services rendered by an attorney at law in performing his duties as such attorney at law . . ."

The second amended complaint herein alleged, among other things, that plaintiff employed defendant Barasch, under bond of defendant corporation, "as a real estate broker, to sell and lease and assign that certain real estate . . . called the Drexal Pool Room"; that said defendant sold it to one Musso for $5,500; negotiated a transfer of plaintiff's lease to him; collected $5,500 plus $675 which plaintiff had posted with the owner of the property for rent; paid out of said sums $2,500 on behalf of plaintiff and was to receive a commission of $300, but that in violation of his trust and the above statute, he embezzled and fraudulently retained against the will and without the consent of plaintiff, $2,875; wherefore plaintiff prayed for judgment against both defendants for $2,000 and costs of suit.

The condition of the bond, which appeared as an exhibit to said amended complaint, was that said defendant Barasch would comply with the provisions of said statute and would "faithfully perform every undertaking entered into by him as a licensed real estate broker under the said act . . . "; further, that any person injured by his failure to perform his duties or comply with the statute should have the right in his own name to commence and maintain an action against him and the surety for the recovery of any damage sustained by his failure or omission.

The stipulation of facts substantiated the allegations that said defendant was a duly licensed broker and that said bond was in full force and effect. It showed further that on February 2, 1927, plaintiff executed a written agreement appointing said defendant his "agent" with the exclusive right for a specified period "to sell or exchange . . . the property or any portion thereof described on the reverse side hereof" and also constituting said agent his attorney-in-fact to consummate said sale, agreeing to pay a compensation for his services, etc. The property, the subject of the agreement, was described on the reverse side thereof in part as follows: "Kind of Property Pool Hall & Cigar stand consisting of stock and equipment . . . monthly rent $225 Monthly Gross Receipts, $2500 Month Net Profits $800 . . . Value of fixtures and equipment $10,000 . . . Length of Lease 4 yrs. & 10 months . . . ". Said stipulation further showed that on February 10, 1927, said Musso executed an "agreement to purchase" witnessed by defendant Barasch

and approved and ratified by plaintiff, reciting that he deposited with said defendant, as agent for the seller, $200 "as part payment of the purchase price of the Drexal Pool Room consisting of stock and equipment . . . (Lease of said premises to be approximately five [5] years) . . . "; that plaintiff transferred and assigned to said Musso his said leasehold interest and said Musso paid defendant Barasch said sums of $675, $200 and $5,300, respectively, from which said defendant paid on behalf of plaintiff $2,500 to extinguish a chattel mortgage on said fixtures and equipment, retaining the balance of the sums so received by him against the will and without the consent of plaintiff. It was then further stipulated that the assignment of the lease was a part of the transaction and part of the duties to be performed by Barasch, that is, that Barasch was to procure the assignment thereof.

The case was submitted to the court below upon the above-mentioned stipulation and oral and written authorities and said court thereafter made its findings to the effect that all of the allegations of said complaint were true. It further found that plaintiff employed said defendant "as a real estate broker, to sell a certain pool room business and sell and assign a certain lease . . . that said defendant . . . as such real estate broker . . . entered into negotiations for the sale of said real estate with one . . . Musso", consummated said sale and embezzled and retained a portion of the proceeds received by him as above set forth and "that as a part of the transaction between plaintiff and said . . . Musso, it was necessary to and plaintiff did transfer and assign to said Musso said lease" and said Musso paid said sum of $675 as above set forth. From these facts the court concluded that plaintiff was entitled to judgment against defendant corporation in the sum of $2,000, with interest from February 11, 1927, and costs, and such judgment was entered accordingly.

An extended discussion of the numerous points urged by appellant is unnecessary for we are of the opinion that the only vital and determinative issue confronting us is whether this entire transaction constituted a real estate transaction with services rendered by defendant Barasch as a real estate broker as defined by the act.

If this question be answered in the affirmative it will at once be seen that no fatal inconsistency, constituting reversible error, appears by reason of the fact that in the complaint the transaction is referred to as. the sale, lease and assignment of "certain real estate . . . called the Drexal Pool Room"; that in the stipulation of facts it is referred to as a sale or exchange by plaintiff's "agent" of "property" "Pool Hall & Cigar stand . . . ", etc.; that in the findings the terms used in the complaint are adopted in one place and in another place the transaction is referred to as the sale of a "certain pool room business" and sale and sasignment of "a certain lease" and of "said real estate", etc. In other words, the governing factor is the true nature of the transaction and where the subject of the sale and the character of the acts performed by said defendant clearly appear, the fact that the varying, and perhaps inaccurate terms "said property" or "said real estate", etc., are used, becomes immaterial. It is also immaterial that the stock form used by plaintiff in appointing said defendant his agent, contained a clause also appointing said agent his attorney-in-fact to consummate the transaction. Defendant Barasch expressly limited his capacity to that of an agent and acted solely in that capacity.

It is our conclusion that the transaction upon which the liability of appellant surety is predicated involved services performed by defendant Barasch as a real estate broker and that it comes within the terms of said bond. The sale was one of personal property located upon real estate and of negotiation for and exchange of the lease of the real property upon which the personalty was located, constituting one complete and entire transaction. No evidence was adduced as to the value of the lease, but it appears that the value thereof was substantial and that the sale of the personalty was incidental to exchange of the lease rather than that the lease exchanged was an incident to the sale of the personalty. In other words, the bond was conditioned upon the faithful performance by defendant Barasch of "every undertaking entered into by him as a licensed real estate broker under the said act" and having undertaken the exchange of said lease, with other incidental duties, the entire transaction must be viewed as a whole and regarded

as coming within the act and the terms of the bond. The embezzlement of the above-mentioned sum by said defendant, therefore, constituted a breach of his obligation as a real estate broker within the terms of the act, fixing liability upon defendant surety under the terms of said bond. In support of this holding see *Nittler* v. *Continental Casualty Co.*, 94 Cal. App. 498 [271 Pac. 555, 272 Pac. 309].

The court allowed interest at the legal rate from the date of the defalcation. Inasmuch as the full penalty of the bond is decreed, interest should not begin until after demand. (*Trumpler* v. *Cotton*, 109 Cal. 250, 256, 257 [41 Pac. 1033].) The filing of the original complaint is the only definite date the record fixes as the time of such demand. Accordingly the judgment is hereby modified so as to allow interest to begin on July 9, 1927.

As so modified said judgment is affirmed.

Richards, J., Curtis, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.

Langdon, J., dissented.