[Civ. Nos. 13273, 13274. First Dist., Div. Two. Apr. 14, 1947.]

L. RENCH, Appellant, v. JOSEPH W. HARRIS et al., Respondents.

(Two Cases.)

Marvin C. Hix for Appellant.

Nathan G. Gray for Respondents.

DOOLING, J.—Two separate appeals are presented from two judgments of nonsuit. The complaints in the two actions count on the same transaction and the two cases were consolidated for trial. The plaintiff's evidence shows that defendant Joseph W. Harris was the owner of the Court Hotel in San Francisco and the hotel was leased to one Bolzendahl at $1,250 per month for an extended term of years. In 1944, plaintiff was negotiating with the Pacific Telephone & Telegraph Company to secure housing accommodations for their employees and learned that the company was interested in securing a lease on the Court Hotel for that purpose. He worked out a plan involving three steps: 1. The purchase by the owner of Bolzendahl's lease; 2. the eviction of the subtenants under O. P. A. regulations; and 3. the leasing of the hotel to the telephone company at an increased rental. He then contacted Harris and presented his three-point plan to him. What then ensued is quoted verbatim from plaintiff's testimony:

"Mr. Harris said, 'Carl, (addressing the plaintiff) that is fine. You go and keep on working with the Telephone Company and I will work matters out with Mr. Bolzendahl, and naturally will take care for your plan and have your submittance.'"

The transaction was carried through as suggested, plaintiff continuing to negotiate with the telephone company concerning their leasing the hotel. Bolzendahl's lease was purchased by Harris and the telephone company became lessees of the property at a considerably increased rental. Harris refused to compensate plaintiff and these actions were filed, one for the reasonable value and the other for one-half the profit from the transaction.

The nonsuits were granted on the ground that plaintiff was not a licensed realtor and the transaction as to him was therefore prohibited by law.

It is plaintiff's theory that he sold Harris an idea for which he is entitled to compensation. Plaintiff cites in support of this theory *Yadkow* v. *Fields*, 66 Cal.App.2d 150 [151 P.2d 906]; *Liggett & Meyer Tobacco Co.* v. *Meyer*, 101 Ind.App. 420 [194 N.E. 206]; *How J. Ryan & Associ-*

*ates* v. *Century Brewing Ass'n.*, 185 Wash. 600 [55 P.2d 1053 [104 A.L.R. 1353]; and *Brunner* v. *Stix, Baer & Fuller Co.*, 352 Mo. 1225 [181 S.W.2d 643]. We need not consider these cases in detail for even if they are applicable to the facts of the cases before us we are satisfied that the judgments of nonsuit were proper.

 It is plaintiff's own testimony that a substantial part of his services agreed to be performed was to negotiate for a lease with the telephone company. "It is unlawful for any person to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker or a real estate salesman within this State without first obtaining a real estate license from the division." (Bus. and Prof. Code, § 10130.) Real estate broker and real estate salesman includes any person "who, for compensation, negotiates . . . leases." (Bus. and Prof. Code, §§ 10131, 10132.) Under section 10134 one such act for compensation is sufficient to bring the person performing it under the terms of these regulations; and section 10135 provides:

"When a lease or leasing is referred to in this article, it includes any lease, whether such lease is the sole transaction involved, or the principal or an incidental part of the transaction involved."

The transaction clearly falls within the language of the section last quoted since a substantial incident of plaintiff's services was, and was agreed to be, his negotiations for a lease with the telephone company. The entire transaction was thereby prohibited under the code sections above cited, since plaintiff admittedly was not licensed. (See *Democa* v. *Barasch*, 212 Cal. 293 [298 P. 17]; *Nittler* v. *Continental Casualty Co.*, 94 Cal.App. 498 [271 P. 555, 272 P. 309].)

The judgments appealed from are affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1947. Carter, J., and Schauer, J., voted for a hearing.