[Civ. No. 18755. Second Dist., Div. Two. Apr. 28, 1952.]

JOHN McCLELLAND ABRAMS, Respondent, v. GOSTA B. GUSTON, Appellant.

Monta W. Shirley and George W. Nilsson for Appellant.

Burke Mathes for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in an action to recover a commission for services rendered in connection with the sale of a mining mill and equipment and lease of the realty upon which the mill was located, defendant appeals.

*Facts:* Defendant owned a large mining mill together with a 20-year lease on the realty upon which the mill was situated near Barstow, California. He desired to dispose of these and talked with plaintiff, who was his friend, relative to the

disposition of the property. The mill consisted of a very large building in which was installed machinery suitable for grinding ore at the rate of approximately 1,500 tons a month of rotary mud alone.

Plaintiff consulted with defendant and negotiated on defendant's behalf with numerous people for the sale of the mill. At various times defendant promised to pay plaintiff a commission in the event of the sale of the property. Finally it was disposed of to Mr. Carder for the sum of $35,000.

Plaintiff participated in the drawing of an option on the property which was given to Mr. Carder. The transaction thereafter was ultimately consummated between defendant and Mr. Carder without plaintiff's assistance. It was stipulated that plaintiff did not have a license as a real estate broker.

The trial court gave judgment in favor of plaintiff in the sum of $2,340, predicated upon the services which he had rendered to defendant in connection with the sale of the property.

■ *Question: Was plaintiff barred from recovery for his services for the reason that he did not have a real estate broker's license in the State of California?*

*Yes.* Section 10136 of the Business and Professions Code reads: "No person engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

Since plaintiff is seeking to recover for services rendered as a real estate broker, he was required to have a real estate broker's license in the State of California, which it is conceded he did not have. Therefore there was a total failure of proof on an essential element in his cause of action which barred him from recovering.

■ There is no merit in the contention that plaintiff was not a broker but merely a middleman and adviser to defendant, for it is conceded that he participated in the preparation of an option which was given to Mr. Carder. The law is established that if a broker takes any part in the negotiations, no matter how slight, he is not a middleman but is a

broker. (*Rhode* v. *Bartholomew,* 94 Cal.App.2d 272, 280 [7] [210 P.2d 768].)

 Likewise without merit is plaintiff's claim that he was entitled to a commission for the sale of the personal property even though he might not be entitled to a commission for the sale of the realty.

In the present case the sale of the realty and the personal property located thereon constituted one complete and entire transaction, it being evident that the mill and machinery located on the leased property were of value to the purchaser only if he obtained the lease upon the property too. Therefore the transaction was not a severable one as in *Marks* v. *Walter G. McCarty Corp.,* 33 Cal.2d 814, 824 [205 P.2d 1025], in which case the real estate and the personal property were each given a separate sales price in the escrow.

The instant case is similar on its facts to those in *Democa* v. *Barasch,* 212 Cal. 293, 297 [298 P. 17], wherein it was held that the sale of the realty and personalty could not be segregated, and that it was a real estate transaction.

The judgment is reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 14, 1952.