[Civ. No. 8038.   Third Dist.   Sept. 19, 1952.]

H. C. CROFOOT, Respondent, v. PETER SPIVAK, Appellant.

Ira W. Barr for Appellant.

Kasch & Cook for Respondent.

VAN DYKE, J.—This appeal is taken by defendant after judgment rendered against him in an action brought to recover money alleged to be due for services rendered. The complaint alleged the following: That in July, 1948, defendant orally promised plaintiff that if plaintiff was approached by persons interested in buying plaintiff's own sawmills and timber lands or timber rights and would forego selling his property to such persons and would introduce such prospective purchasers to defendant so that defendant would have an opportunity to sell to such persons the defendant's mill and lumber properties, and if defendant did thereafter consummate such sale with the persons so introduced to him by plaintiff, then he (defendant) would pay plaintiff the sum of $2,500; that plaintiff was approached by persons desiring to purchase such properties; that he introduced said prospective purchasers to defendant; that defendant thereafter sold his properties to them and that thereby defendant became indebted to plaintiff in the agreed sum of $2,500. Plaintiff affirmatively alleged that at no time had he been a licensed

real estate broker or a licensed business opportunity broker. Defendant answered, generally denying plaintiff's allegations and after a trial the court found the facts to be as follows: That all of the allegations of plaintiff's complaint were true save and except those having to do with the condition that plaintiff should forego selling his own property to any prospective purchaser whom he might introduce to defendant and having to do with the allegations as to plaintiff's performance of such conditions, the court finding in effect that no such condition was stated in defendant's offer and no performance of such condition by plaintiff occurred. The trial court gave judgment for the sum of $2,500 as prayed for.

Reduced to its simplest proportions, this appeal has to do with the question of whether or not a license is required before one can collect on a promise to pay compensation for introducing a prospective purchaser to a property owner desiring to sell his properties, nothing more being done than the bare act of introduction. We think it unnecessary in the decision of this case to follow appellant through his discussions of the proper interpretation of the pertinent licensing acts because we think the case is controlled by the decision in *Shaffer* v. *Beinhorn*, 190 Cal. 569 [213 P. 960], decided in 1923. Therein defendant, a licensed real estate broker, entered into an agreement with plaintiffs promising that if the latter would find anyone interested in the purchase of the property which the broker had for sale, to whom the broker would be able to negotiate a sale, or would introduce to him anyone to whom he would be able to make a sale, he would pay plaintiffs a certain percentage of his broker's commission. Plaintiffs did introduce such a prospective purchaser to whom the defendant broker negotiated a sale. It was held the complaint stated a cause of action and did not show that the plaintiffs were acting as real estate brokers within the meaning of the Real Estate Brokers Law. We think it is immaterial whether this act of introducing to defendant the prospective purchasers who bought defendant's property be considered as coming under the provisions of section 10131 of the Business and Professions Code defining a real estate broker, or under the provisions of section 10252 of the Business and Professions Code defining a business opportunity broker, for the construction placed upon the statutory definition of a real estate broker by the Supreme Court in the foregoing decision would apply equally to the statutory definition of a business opportunity broker. The trial court, upon substantial

evidence, found particularly that the promise upon which plaintiff sued was a promise to pay for an introduction and required no further act on the part of respondent to raise the liability sued upon. The trial court also found that respondent did no more than was called for, that is, did nothing but introduce the prospective purchasers to the appellant who himself thereafter conducted the negotiations resulting in the sale of his property without any act or aid by respondent. The cited case was decided, as noted, some 29 years ago and in the intervening time successive Legislatures have met and have made no amendments to the pertinent language of the enactment which would change the scope of the Legislature's definition of who was a real estate broker as that definition was contained in the act current at the time the Supreme Court made its decision. Under such circumstances we think it clear that the Legislature has acquiesced in the interpretation of the statute as given and that no justification could be found for any different interpretation now. As pointedly observed by the trial judge in his memorandum opinion, no license is required for the simple act of introducing one person to another—yet.

We are satisfied the trial court correctly decided the case, and its judgment, therefore, is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 6, 1952, and appellant's petition for a hearing by the Supreme Court was denied November 17, 1952. Shenk, J., and Edmonds, J., were of the opinion that the petition should be granted.