[Civ. No. 28535.   Second Dist., Div. Four.   June 13, 1966.]

ARNOLD PORTER, Plaintiff and Appellant, v. CIROD, INC., et al., Defendants and Respondents.

Leo Shapiro for Plaintiff and Appellant.

Basil D. Conger for Defendants and Respondents.

JEFFERSON, J.—Plaintiff brought this action against defendants seeking to enforce an oral agreement to pay plaintiff a "finder's fee" for his services in introducing a buyer of real property to defendants. General and special demurrers interposed by defendants were sustained without leave to amend. Plaintiff appeals from the judgment of dismissal subsequently entered. The principal issue presented is whether the oral "finder's agreement" alleged was within the statute of frauds.

The complaint pleaded two causes of action. In the first cause of action the following facts are alleged: Defendants Clodfelter and Lemery, individually and as agents and representatives of certain named corporate defendants who owned or leased a chain of hotels and motels, approached plaintiff in the summer of 1962 and stated that they wished to dispose of all or part of their properties. They made the proposal to plaintiff that if he would find and introduce them to a person to whom a sale of all or part of their holdings would be made, they would pay plaintiff a reasonable compensation for this service. In reliance upon defendants' promise, plaintiff introduced Gene Autry to defendants as a prospective purchaser. Autry was a long time personal friend of plaintiff. Negotiations were thereafter undertaken between Autry and defendants which resulted in a contract being consummated on May 15, 1963, providing for the sale by defendants of property known as the Ocotillo Lodge, owned by defendants Cirod, Inc. and Melridge, Inc., and of the leasehold interest in property known as the Hotel Continental, held by defendants Sunset-Continental Properties and Cirod Anaheim No. 1, Inc., to the Gene Autry Hotel Co., for $2,378,430.78. Reasonable compensation for plaintiff's services under this agreement is asserted to be $118,921.53 which defendants allegedly refuse to pay.

In plaintiff's second cause of action the same facts are alleged and relief is sought based on a common count for services rendered.

The parties concede for the purpose of this appeal that the alleged agreement sued on by plaintiff was oral and that at the time it was entered into plaintiff was not licensed as a real estate broker or agent.

■ Initially, it is to be noted that plaintiff needed no license to enter into the contract alleged. ■ An agreement

to pay compensation for finding and introducing a person interested in purchasing real property—where the only duty of the finder is to introduce the prospective buyer, leaving the negotiation of the sale entirely with the seller—is not such an agreement as falls within the purview of the real estate licensing acts, and thus is not rendered unenforceable merely because the finder was not a licensed real estate broker or salesman. (*Shaffer* v. *Beinhorn,* 190 Cal. 569 [213 P. 960].)

In concluding that the agreement was within the statute of frauds, the trial court in its memorandum filed upon sustaining defendants' demurrers, and defendants in their brief on appeal, rely on *Hooper* v. *Mayfield,* 114 Cal.App.2d 802 [251 P.2d 330]. In that case the plaintiff was a licensed real estate broker who, without a written contract of employment, sought to enforce an alleged oral agreement on the theory that he merely brought the parties together and had not actually negotiated a sale. The court refused to draw any distinction between the broker who merely introduced the parties and one who participated in the actual sale negotiations. In either case it was determined that the statute of frauds was applicable to the transaction. (See also *Freeman* v. *Jergins,* 125 Cal.App.2d 536 [271 P.2d 210].)

The agreement sued on in the instant case was allegedly entered into in 1962. The applicable section of the statute of frauds, Civil Code section 1624, provided:[1]

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing . . .

" .     .   .   .   .   .   .   .   .   .   .   .   .   .

"5. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission; . . ."[2]

The precise issue presented here is whether a finder's agreement with an unlicensed finder is considered to be "An agreement authorizing or employing an agent or broker" within the meaning of Civil Code section 1624, subdivision 5. *Hooper*

---

[1]Code of Civil Procedure, section 1973 contains the identical provisions of Civil Code, section 1624. In this opinion reference will be made only to the latter section.

[2]In 1963 section 1624 was amended to codify the rule enunciated in *Hooper* v. *Mayfield, supra.* Subdivision 5 of section 1624 now provides that the following agreement is within the statute:

"5. An agreement authorizing or employing an agent or broker to purchase or sell real estate, or to lease real estate for a longer period than one year, *or to procure, introduce, or find a purchaser or seller of real estate* or a lessee or lessor of real estate where such lease is for a longer period than one year, for compensation or a commission; . . ." [Italics added.]

764

v. *Mayfield, supra,* and the other cases (*Freeman* v. *Jergins, supra,* 125 Cal.App.2d 536; *Duckworth* v. *Schumacher,* 135 Cal.App. 661 [27 P.2d 919]; and *King* v. *Tilden Park Estates,* 156 Cal.App.2d 824 [320 P.2d 109]), relied on by defendants and by the court below, were not presented with this question.

Following the case of *Crofoot* v. *Spivak,* 113 Cal.App.2d 146 [248 P.2d 45], the court in *Palmer* v. *Wahler,* 133 Cal.App.2d 705 [285 P.2d 8], determined that an oral agreement to pay an unlicensed person a finder's fee for introducing a prospective purchaser of real property, was an enforceable agreement which ". . . falls neither within the purview of the statute of frauds nor the real estate licensing acts." (P. 710.) It should be pointed out that in the *Crofoot* case, *supra,* relied on in *Palmer,* the issue of the statute of frauds does not appear to have been raised by the parties. The plaintiff sued on an oral finder's agreement. The trial court entered a judgment in the plaintiff's favor for the compensation allegedly due for plaintiff's services. On appeal defendant maintained that the agreement was unenforceable because plaintiff was not a licensed real estate broker. The court rejected the latter contention and affirmed the judgment without discussing the statute of frauds question.

In *Palmer* v. *Wahler, supra,* the court placed its decision upon the ground that a finder's agreement is not within the statute of frauds, and upon the additional ground that the subject matter of the agreement—timber standing on land owned by a third person—was personal property.[3] "It is well settled that where two independent reasons are given for a decision, neither one is to be considered mere *dictum,* since there is no more reason for calling one ground the real basis for the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity. [Citations.]" (*Bank of Italy* v. *Bentley,* 217 Cal. 644, 650 [20 P.2d 940]; see also 3 Witkin, Cal. Procedure (1954) § 227, pp. 2443-

---

[3]The court said, "It therefore appears that the law in California as originally announced by our Supreme Court in *Heyn* v. *Philips, supra* [37 Cal. 529], and followed by that court in the Shaffer case is that a so-called 'finders agreement' falls neither within the purview of the statute of frauds nor the real estate licensing acts. We hold that the agreement with which we are here concerned is such an agreement, and, therefore, regardless of whether the timber be considered as realty or personalty, the plaintiff, although not a licensed real estate broker, and acting under an oral agreement only, was entitled as a matter of law to the payment of his commission." (*Palmer* v. *Wahler, supra,* 133 Cal. App.2d 705, 710-711.)

2444.) Commentators have accepted the *Palmer* case as establishing that a finder's agreement with an unlicensed finder is not within the contemplation of the statute of frauds. (See 1 Witkin, Summary of Cal. Law (1960) § 106(4) at p. 115; and, *Review of 1963 Code Legislation,* 38 State Bar J. 649.)[4]

In the recent case of *Pass* v. *Industrial Asphalt of California, Inc.,* 239 Cal.App.2d 776 [49 Cal.Rptr. 190], the plaintiff won a judgment in the trial court upon his complaint seeking a commission which he claimed was due for his services under a "finder's agreement." The complaint alleged an oral agreement to pay a commission to plaintiff for finding and introducing a buyer for defendants' businesses. The judgment was reversed by the appellate court because the court found there was no evidence that plaintiff was the "procuring cause" of the sale; that the eventual sale involved was wholly unrelated to any introduction made by plaintiff. However, the court, in stating the rules applicable to the case, did find that the fact the plaintiff was not licensed and that the agreement was oral would not have been a bar to his recovery. The court said (at p. 781): *"Although a 'finder' need not be licensed as a broker and need not operate under a written agreement of employment,* they have certain duties and rights in common." [Italics added.] After discussing these rights and duties and concluding that plaintiff was not entitled to recovery because he was not shown to be "the procuring

---

[4]The Journal article reads:

"Under Civ. Code § 1624(5) [Prior to the 1963 amendment] and the same provision in Code Civ. Proc. § 1973(5), no real estate broker or agent can recover compensation unless his original authority to buy or sell real estate was in writing. This is to protect sellers and buyers of real estate from false claims for broker's commissions. LEGAL ASPECTS OF REAL ESTATE TRANSACTIONS 42 (Cal. C.E.B. 1956). The requirement of written authority does not extend to a broker's agreement to act as an agent in negotiating a lease. 1 Witkin, Summary 114. But a licensed real estate broker was precluded from collecting a 'finder's fee' under an oral agreement. See Note, 44 Cal.L.Rev. 413, 415 (1956). *An unlicensed 'finder', however, who performs the same service under an oral agreement can recover on the theory that he is not a 'broker' or 'agent' within the section. Palmer* v. *Wahler* (1955) 133 Cal.App.2d 705, 285 P.2d 8.

"As amended, Civ. Code § 1624(5) provides that an agreement to act as agent in the negotiation of a lease for a period exceeding one year must be in writing. A broker can no longer recover a commission where the agreement is oral. It also expressly provides that a broker or agent can recover compensation under a 'finder's agreement' only when it is in writing.

"If the Legislature intended to make this section of the statute of frauds apply to unlicensed 'finders' as well as to licensed brokers acting as 'finders', its attempt may have failed, since the courts so far have refused to interpret 'broker' and 'agent' to include unlicensed 'finders'." [Italics added.]

cause'' of the sale actually consummated, the court further stated (at p. 783): ''This case suggests that although the Legislature has not provided for the regulation of finders, it might be wise to require that their major contracts of employment be in writing.''

■ We conclude, in the light of the authorities above cited, that plaintiff was not a broker or agent within the meaning of the statute of frauds (Civ. Code, § 1624, subd. 5) and, consequently, the contract sued on was enforceable although oral.

■ Plaintiff's complaint in addition to naming as individual defendants, Clodfelter and Lemery, named several corporate defendants. In its memorandum decision, the court below indicated that the demurrers of several of the named corporate defendants were sustainable on the ground that the complaint failed to state facts sufficient to constitute a cause of action against them. It is asserted that since only four of the named corporate defendants (namely, Cirod, Inc., Melridge, Inc., Sunset-Continental Properties and Cirod Anaheim No. 1, Inc.) were the holders of property interests in the property sold under the alleged agreement, that a cause of action was stated only against those defendants and not against the other corporate defendants named. However, the allegations in the complaint do not limit the participation in the agreement to these four defendants. It is alleged that ''defendants'' owned or leased a string of motels and hotels; that Clodfelter and Lemery were officers and directors of ''defendants,'' and were their agents and representatives in entering into the agreement, which provided that plaintiff would be paid a finder's fee for the introduction to defendants of a buyer of all or part of their property interests; that pursuant to the agreement plaintiff introduced Autry to defendants; that defendants thereafter negotiated with Autry, the negotiations resulting in the sale of the property specified. The fact that only four of the defendants were alleged to hold property interests in the property covered under the agreement would not prevent all from being liable on the contract alleged. We conclude that the complaint states a cause of action against all named defendants.

The judgment is reversed with directions to the trial court to overrule the demurrers and to allow defendants a reasonable time within which to file answers if they be so advised. Plaintiff's attempted appeal from the order denying his motion to reconsider is dismissed.

Files, P. J., and Kingsley, J., concurred.