[Civ. No. 34803. Second Dist., Div. Five. Aug. 24, 1970.]

WILLIAM R. ZAPPAS, Plaintiff and Appellant, v.
KING WILLIAMS PRESS, INC., et al., Defendants and Respondents.

## COUNSEL

Robert C. Wreisner for Plaintiff and Appellant.

Larwill, Wolfe & Blackstock and James C. Blackstock for Defendants and Respondents.

## OPINION

**KAUS, P. J.**—Plaintiff has appealed from an order dismissing his action, entered after the court sustained defendants' demurrer to plaintiff's third amended complaint without leave to amend.[1]

The third amended complaint alleges the following facts: In January of 1966 plaintiff orally agreed (1) to find and introduce defendants to a person or persons who would lease defendants' real property in Torrance, California; and (2) to introduce defendants to a contractor and designer with whom plaintiff—*on his own behalf*—had negotiated a tentative agreement for the construction of a building on the property.[2] As consideration for the foregoing, defendants orally promised that if a lease could be negotiated with such person or persons they would pay plaintiff 5 percent of the rent received therefrom, or sixty dollars per month, whichever amount was greater, on the first day of each month.

In reliance upon defendants' promise, plaintiff introduced a prospective lessee to defendants. The newly acquainted parties thereafter negotiated and executed a 10 year lease of the property. In further reliance upon defendants' promise plaintiff introduced the contractor and designer to defendants. Defendants then negotiated and consummated an agreement with the contractor and designer for the construction of a building on substantially the same terms as plaintiff had earlier negotiated. Plaintiff sought an accounting and a judgment for all sums defendants owed him under the alleged oral agreement.

The trial court's order sustaining the demurrer without leave to amend cites no reasons for the ruling. A later order denying reconsideration indicates that the court felt that the oral contract pleaded was barred by subdivision 5 of section 1624 of the Civil Code and that plaintiff had not adequately explained fatal allegations made in previous complaints.

---

[1]Actually, plaintiff has purported to appeal from the order sustaining the demurrer and from an order denying his motion "for reconsideration and for order overruling of demurrer, or for an order granting plaintiff leave to amend." Of course, such orders are not appealable. (*Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Cole* v. *Rush,* 40 Cal.2d 178 [252 P.2d 1]; *Oeth* v. *Mason,* 247 Cal.App.2d 805, 808 [56 Cal.Rptr. 69].) However, a notice of appeal from such nonappealable orders may be liberally construed as an appeal from the judgment if there is one. (*Galanis* v. *Mercury Intl. Ins. Underwriters,* 247 Cal.App.2d 690, 692-693, fn. 1 [55 Cal.Rptr. 890]; cf. *Curnutt* v. *Holk,* 203 Cal.App.2d 6, 7 [21 Cal.Rptr. 224].) Accordingly, we treat plaintiff's appeal as being from the order dismissing his action.

[2]It appears from the first amended complaint that plaintiff previously owned the real property.

Contrary to the court's belief[3] the statute of frauds does not bar plaintiff's action. When plaintiff and defendants entered into their alleged oral agreement, section 1624 of the Civil Code read, in relevant part, as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 5. An agreement authorizing or employing an *agent or broker* . . . to lease real estate for a longer period than one year, or to procure, introduce, or find a . . . lessee . . . of real estate where such lease is for a longer period than one year, for compensation or a commission . . . ." (Stats. 1963, ch. 814, p. 1843, § 1. Italics added.)[4] Until its amendment in 1967 (Stats. 1967, ch. 52, p. 953, § 1), section 1624, subdivision 5 applied exclusively to contracts between principals and *licensed* brokers. (*Hasekian* v. *Krotz,* 268 Cal.App.2d 311, 316-317 [74 Cal.Rptr. 410]; *Porter* v. *Cirod, Inc.,* 242 Cal.App.2d 761, 766 [51 Cal.Rptr. 784].) "The anomaly resulting from the [*Porter*] decision, namely of permitting an unlicensed person to enforce an oral agreement while at the same time enforcing the statute to deny such right to a licensed real estate broker or salesman . . ." (*Hasekian* v. *Krotz, supra,* 268 Cal.App.2d 311, 317) was eliminated after the transaction alleged in the case at bar, by the 1967 amendment.

■ On the other hand, the fact that the trial court may have sustained defendants' demurrer upon an erroneous theory does not preclude this court from deciding that the complaint was demurrable upon another ground. (*Apelian* v. *County of Los Angeles,* 266 Cal.App.2d 550, 554 [72 Cal. Rptr. 265]; *Rupp* v. *Kahn,* 246 Cal.App.2d 188, 192, fn. 1 [55 Cal.Rptr. 108]; *Weinstock* v. *Eissler,* 224 Cal.App.2d 212, 225-226 [36 Cal.Rptr. 537].)

■ Defendants argue on appeal that plaintiff's lawsuit is barred by section 10136 of the Business and Professions Code, which, in relevant part, provides: "No person engaged in the business *or acting in the capacity of a real estate broker* . . . within this State shall bring or maintain any action in the courts of this State for the collection of compensation *for the performance of any of the acts mentioned in this article* without alleging and proving that he was a duly licensed real estate broker . . . at the time the alleged cause of action arose." (Italics added.)

---

[3]The error was apparently induced by defendants' reference to the statute of frauds in their demurrer. As will be seen, on appeal, they correctly rely on section 10136 of the Business and Professions Code.

[4]See also former section 1973, subdivision 5 of the Code of Civil Procedure, as amended in 1963. (Stats. 1963, ch. 814, p. 1843, § 2.) It provided substantially the same thing as section 1624, subdivision 5, as quoted above. Section 1973 was repealed in 1965, effective January 1, 1967. (Stats. 1965, ch. 299, p. 1363, § 113.)

The third amended complaint does not allege that plaintiff has ever held a broker's license. Therefore, we must inquire whether plaintiff has alleged that (1) he has engaged in the business or acted in the capacity of a real estate broker, and (2) is suing for compensation for the performance of any of the acts mentioned in the Business and Professions Code. As we shall explain, our conclusion is that the inquiry must be answered in defendants' favor.

Section 10131 of the Business and Professions Code defines a real estate broker as a "person who, for compensation or in expectation of a compensation, does or negotiates to do one or more of the following acts for another . . .: (b) Leases or rents or offers to lease or rent, or places for rent, or solicits listings of places for rent, or solicits prospective tenants. . . ."

█ The rule is well established that one who simply finds and introduces a prospective lessee to a person who wishes to lease his property need not be licensed by the state in order to recover a commission for his services. Such an intermediary is protected by the so-called "finder's" exception to the real estate licensing act. The doctrine has been judicially developed by a line of decisions dating back to *Shaffer* v. *Beinhorn,* 190 Cal. 569, 573-574 [213 P. 960]. *Shaffer* arose under the Real Estate Brokers' Act (Stats. 1919, ch. 605, p. 1252). The defendant in that case, a licensed real estate broker, agreed to pay plaintiffs two-thirds of the gross commission to which he would be entitled upon the sale of a certain ranch if they found or introduced him to a buyer of the ranch. Plaintiffs, who were not real estate brokers, thereafter procured a prospective buyer with whom defendant negotiated and consummated a sale of the ranch. Plaintiffs sued defendant for the promised portion of his commission. In holding the trial court erred in sustaining a demurrer to the complaint, the Supreme Court held that the complaint did not show that plaintiffs were engaged in the business, or acting in the capacity of a real estate broker or salesman, since the contract with defendant required them only to find or introduce defendant to a prospective purchaser who ultimately became the actual buyer of the ranch. (Cf. *Davis* v. *Chipman,* 210 Cal. 609, 619-620 [293 P. 40].)

The rule thus announced in *Shaffer* has continued as a gloss upon parallel provisions of the Real Estate Law, which was enacted in 1943 (Stats. 1943, ch. 127, p. 828, § 1) to supersede the Real Estate Brokers Act. (*Crofoot* v. *Spivak,* 113 Cal.App.2d 146, 147-148 [248 P.2d 45]; *Palmer* v. *Wahler,* 133 Cal.App.2d 705, 708-711 [285 P.2d 8]; *Porter* v. *Cirod, Inc.,* 242 Cal.App.2d 761, 762-766 [51 Cal.Rptr. 784]; cf. *Hasekian* v. *Krotz,* 268 Cal.App.2d 311, 312-324 [74 Cal.Rptr. 410].) It has been utilized to permit nonlicensees to sue for commissions in other areas where licensed brok-

ers operate. (*Freeman* v. *Jergins,* 125 Cal.App.2d 536, 546-551 [271 P.2d 210] [security broker]; cf. *Rhode* v. *Bartholomew,* 94 Cal.App.2d 272, 279-282 [210 P.2d 768].) The distinction between a finder and a broker is also significant in determining whether the intermediary in a transaction stands in a confidential relationship to one of the parties to the transaction (*Batson* v. *Strehlow,* 68 Cal.2d 662, 669 [68 Cal.Rptr. 589, 441 P.2d 101]), and used to be central in resolving the issue of whether the statute of frauds (Civ. Code, § 1624, subd. 5) forbids enforcement of an oral contract between a principal and a licensed real estate broker (*Hooper* v. *Mayfield,* 114 Cal.App.2d 802, 805-809 [251 P.2d 330].) All of these cases are relevant, therefore, in our determination of whether plaintiff comes within the finder's exception to the Real Estate Law's licensing requirements.

The decisions have drawn the line between "brokers" and "finders" on the basis of whether the person in question has engaged in any negotiating to consummate the transaction. Thus, in *Shaffer* v. *Beinhorn, supra,* after holding that the plaintiff's complaint stated a cause of action, the Supreme Court stated: "It may be that upon a trial of the case the defendant may be able to prove that plaintiffs did in fact actually assist in negotiating the sale. If he can do this, it is a good defense." (190 Cal. at p. 574; see also *Hasekian* v. *Krotz, supra,* 268 Cal.App.2d 311, 319-323; *Rhode* v. *Bartholomew, supra,* 94 Cal.App.2d 272, 280; *Spielberg* v. *Granz,* 185 Cal.App.2d 283, 290-292 [8 Cal.Rptr. 190].)

■ If we focused exclusively upon the allegations of the third amended complaint, it would be a close question whether plaintiff has asserted a right to recover compensation as a finder or as a broker. That complaint alleges that after entering into the contract with defendants, plaintiff merely introduced the lessee, contractor and designer to defendants. The only negotiations to which plaintiff adverts in his third amended complaint are those by which he engaged the builders *before* his agreement with defendants and *in his own behalf*.

It would be improper so to limit our perspective, however. The third amended complaint is the last of a series of four complaints plaintiff has filed in this action. In his original complaint plaintiff simply alleged that he had rendered services to defendants. Defendants demurred on the ground that the complaint was uncertain because they could not ascertain what the services were. The court sustained the demurrer with leave to amend. Plaintiff's first amended complaint clarified what services plaintiff claimed to have rendered. It alleged that plaintiff offered to obtain a certain pros-

pective tenant as lessee and to make the "necessary arrangements" for the construction of a building. These offers were orally accepted by defendants. Defendants again countered with a demurrer, asserting that the complaint was uncertain because it could not be ascertained whether plaintiff's claim was based upon his activity as a finder, real estate broker or individual. If plaintiff was acting as a broker, the demurrer charged, his first amended complaint was further uncertain because it failed to allege that he was a licensed real estate broker. The demurrer was sustained on the erroneous ground that plaintiff's action was barred by subdivision 1, section 1624 of the Civil Code,[5] and plaintiff was again given leave to amend. A second amended complaint was filed. It alleged: "During or about January of 1966, Plaintiff offered to find and introduce defendants to a person or persons who might lease defendants' real property located at 3246 West Sepulveda Boulevard, Torrance, California. *As consideration for the foregoing and as consideration for making the necessary arrangements for the construction of a building for the use of the prospective lessee on the aforementioned property,* defendants orally agreed that if a lease could be negotiated with such a person or persons, that defendants would collect monthly rents from said lessee and pay to plaintiff five per cent thereof, or the sum of $1,200 per month, whichever was greater, on or about the first day of each month. . . ." (Italics added.) Defendants' demurrer thereto was sustained on the same erroneous ground.[6] In his third amended complaint plaintiff for the first time changed the story without explanation by alleging that the "arrangements" for the construction of the building were made by him *before* entering into the alleged contract with defendants and *in his own behalf.* Instead of negotiating with the contractor and designer as part of his obligation under the agreement, plaintiff claimed that he had done so before the agreement was made and that he performed the contract simply by introducing defendants to the builders. The first two complaints were unverified; the last two were verified.

---

[5]Section 1624, subdivision 1 reads: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof. . . ."

[6]*The original complaint and first and second amended complaints were filed in the* municipal court. Upon appeal from the dismissal based upon order sustaining defendants' demurrer to the second amended complaint, the appellate department of the superior court reversed on the ground that the municipal court lacked jurisdiction over the subject matter of the action. The case was remanded to the municipal court with instructions to transfer the action to the superior court under sections 396 and 399 of the Code of Civil Procedure. After the transfer plaintiff filed his second amended complaint in the superior court. When defendants' demurrer thereto was sustained with leave to amend, plaintiff filed his third amended complaint in the same court.

Plaintiff may not so easily avoid the effect of the allegations of his earlier complaints. ■ "Where a verified complaint contains allegations destructive of a cause of action, the defect cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation." (*Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 623 [311 P.2d 1]; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Lee* v. *Hensley,* 103 Cal.App.2d 697, 704 [230 P.2d 159].) ■ In this case the allegations that plaintiff made the "necessary arrangements" with the builders as part of his obligation under the contract with defendants were contained in both a verified and an unverified pleading—the first and second amended complaints. ■ In any case, the rule also applies to unverified complaints. (*Reichert* v. *General Ins. Co.,* 68 Cal.2d 822, 836-837 [69 Cal.Rptr. 321, 442 P.2d 377].)

■ The pleadings made clear that the lease and building arrangements formed two parts of a single transaction. Plaintiff himself recognizes this. His opening brief characterizes the agreement with defendants as one for the "sale" of a " 'package' consisting of the prospective lessee and an agreement to make the necessary arrangements for the construction" of the building. The two parts add up to the following real estate transaction: Plaintiff was to furnish defendants with a tenant for their real property. To secure a tenant it was necessary that a building be erected on the property. Therefore, plaintiff assumed the further obligation of making arrangements for the construction of such a building. Viewing each of the two parts of plaintiff's performance in isolation would be to fragment it artificially. (*Democa* v. *Barasch,* 212 Cal. 293, 296-298 [298 P. 17]; *Owen* v. *National Container Corp.,* 115 Cal.App.2d 21, 28 [251 P.2d 765]; *Abrams* v. *Guston,* 110 Cal.App.2d 556, 558 [243 P.2d 109]; *Rench* v. *Harris,* 79 Cal.App.2d 125, 127 [179 P.2d 341]; cf. *Marks* v. *Walter G. McCarty Corp.,* 33 Cal.2d 814, 823-824 [205 P.2d 1025].) Obviously, the more favorable to defendants plaintiff's "arrangements" with respect to the construction turned out to be the easier it would be for them to agree on other terms of the lease with the prospective lessee. Thus, by negotiating with the builder, plaintiff, realistically, helped negotiate the lease.

Defendants twice challenged the clarity of plaintiff's allegations that he "made arrangements" for the building. Plaintiff has never explained the allegations. Instead, in his third amended complaint, he chose to ignore them. On this record the trial court was entitled to believe that plaintiff was unable to allege facts which would cast him in the role of a finder. Since plaintiff has never claimed that he can amend his complaint to allege that

he was a licensed broker at the time of the subject transaction, the demurrer was properly sustained without leave to amend.

The judgment is affirmed.

Stephens, J., and Aiso, J., concurred.

A petition for a rehearing was denied September 17, 1970.